DIAL USA, INC., FORMERLY TRITELCO, INC., DAVID GLASSMAN, A PERSON OTHER THAN THE TAX MATTERS PERSON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 32537-88.        Filed July 2, 1990.

*William A. Heard III,* for the respondent.

OPINION

RUWE, *Judge:* Dial USA, Inc., formerly Tritelco, Inc., is a subchapter S corporation subject to the S corporation audit and litigation procedures contained in section 6241 et seq.[1] The S corporation audit and litigation procedures were

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue.

added to the Code in 1982 to provide a method for unified treatment of subchapter S items among the shareholders. Subchapter S Revision Act of 1982, Pub. L. 97-354, sec. 4(a), 96 Stat. 1691-1692; see S. Rept. 97-640 at 25 (1982), 1982-2 C.B. 718, 729; *Blanco Investments & Land, Ltd. v. Commissioner,* 89 T.C. 1169, 1171-1172 (1987).

The matter presently before us concerns respondent's motion for entry of decision, pursuant to Rule 248(b),[2] filed April 26, 1990. Respondent's motion was served on petitioner and the tax matters person as provided by Rule 248(b). Neither petitioner nor any other shareholder has filed a response in opposition to the granting of this motion, but notwithstanding the absence of such response we conclude for the reasons hereinafter stated that respondent's motion must be denied.

On November 20, 1989, respondent filed a previous motion for entry of decision. The decision document attached to respondent's first motion included proposed findings regarding the amounts of each "individual shareholder's basis in Tritelco, Inc. during the taxable year 1984." There was no objection to respondent's first motion. Notwithstanding the apparent agreement of all of the parties, we questioned whether we had jurisdiction to determine an individual shareholder's basis in a subchapter S corporation in a proceeding at the corporate level. We held two separate hearings on this matter. Respondent submitted a written memorandum of authorities and argued at both hearings that a shareholder's basis in a subchapter S corporation can be a "subchapter S item" and, therefore, can be an item that is within the Court's jurisdiction for purposes of proceedings under section 6241 et seq. Neither petitioner nor any of the shareholders appeared at the hearings nor did they provide the Court with any written statement of their position.

Subsequent to the second hearing, respondent withdrew his original motion for decision, filed a second motion for entry of decision and, concurrently, lodged a revised decision document which presents the specific issue now before us. Like the decision document attached to the first motion, the second proposed decision would also decide the amount

[2]All Rule references are to the Tax Court Rules of Practice and Procedure.

of each individual shareholder's basis. However, the second proposed decision document now describes the items to be decided as "the individual shareholders' bases in Tritelco, Inc. during taxable year 1984 (to the extent the bases are comprised of subchapter S items)."

Section 6244 generally incorporates certain categories of the partnership audit and litigation provisions into the subchapter S corporation audit and litigation procedures. Two of the incorporated categories are those provisions which govern the "judicial determination of partnership items" and those that "relate to partnership items." Sec. 6244. The partnership audit and litigation provisions were, in effect, grafted onto the subchapter S audit and litigation provisions. *Blanco Investments & Land, Ltd. v. Commissioner, supra* at 1174.

Section 6245 provides that "the term 'subchapter S item' means *any item of an S corporation* to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the corporate level." (Emphasis added.) While this section gives respondent broad authority to prescribe which items are to be subjected to determination at the corporate level, it seems clear that respondent cannot prescribe such treatment for any item other than an "item of an S corporation." The regulations do not list "shareholder's basis" as a subchapter S item.

The partnership audit and litigation provisions that were engrafted onto the subchapter S audit and litigation provisions are more specific regarding what items are determinable in the partnership proceeding. Section 6231(a)(3) defines a "partnership item" as:

any item *required to be taken into account for the partnership's taxable year* under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level. [Emphasis added.]

It is clear that the regulatory authority to prescribe what items are to be determined at the partnership level is restricted by section 6231(a)(3) to those items "required to be taken into account for the partnership's taxable year." In prescribing items that are to be determined in a

subchapter S corporate proceeding, section 301.6245-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987), adheres to this restriction by describing the enumerated list of subchapter S items as "items which are required to be taken into account for the taxable year of an S corporation." Section 301.6245-1T(c)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3004 (Jan. 30, 1987), states:

The critical element is that the corporation is required to make a determination with respect to a matter for the purposes stated; failure by the corporation actually to make a determination (for example, because it does not maintain proper books and records) does not prevent an item from being a subchapter S item.

Thus, whether or not a particular item is determinable by information actually available at the corporate level, does not control that item's classification as a subchapter S item. Instead, the critical factor is whether the corporation was *required* to make the determination.

Respondent makes no argument that the basis of individual shareholders in an S corporation is an item which is required to be taken into account for the taxable year of an S corporation.[3] Respondent acknowledges that there are situations where the amount of an individual shareholder's basis cannot be determined from items which the corporation was required to take into account. An example would be where one shareholder purchases stock from another shareholder. In that situation, the purchase price of the stock would increase the shareholder's basis; however, there is no requirement that the purchase price of the stock be taken into account for the taxable year of the S corporation.[4] Respondent argues, however, that shareholder basis can often be determined by items that are subchapter S items such as contributions to, and distributions from, the S corporation. Respondent argues that we should decide the amounts of shareholders' bases in a qualified manner that acknowledges that other factors might change the basis figures decided in the present case. He emphasizes one sentence in section 301.6245-1T(c)(3), Temporary Proced. &

---

[3]If a subch. S corporation sustains a loss, an individual shareholder's deduction of his pro rata share of the loss is limited to his adjusted basis in the stock and the indebtedness of the corporation to the shareholder. Sec. 1366(d)(1). This limitation applies at the shareholder level, not the corporate level.

[4]The same situation can exist with respect to the basis of a partner in a partnership.

Admin. Regs., 52 Fed. Reg. 3004 (Jan. 30, 1987), which provides:

To the extent that a determination of an item relating to a distribution can be made from [subchapter S items] that item is a subchapter S item.

For obvious reasons, respondent deemphasizes the next two sentences in that section of the temporary regulation which provide:

To the extent that the determination requires other information, however, that item is not a subchapter S item. *Such other information would include the determination of a shareholder's basis in the shareholder's stock or in the indebtedness of the S corporation to the shareholder.* [Sec. 301.6245-1T(c)(3), Temporary Proced. & Admin. Regs, 52 Fed. Reg. 3004 (Jan. 30, 1987). Emphasis added.]

Respondent asks us to abstain from a literal reading of the emphasized portion of the above-quoted temporary regulation. In doing so, he relies on the temporary regulations dealing with the analogous partnership audit and litigation procedures. Specifically, he relies on section 301.6231(a)(5)-1T(b), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (March 5, 1987), which provides:

*Partner's basis in his partnership interest.* A partner's basis in his interest in the partnership is an affected item to the extent it is not a partnership item.

While we find this portion of the temporary regulation something less than a model of clarity, it is very important to observe that the above-quoted portion of the temporary regulation is one of several items listed under the general heading "Definition of affected item."[5] An "affected item" is by definition neither a "partnership item" nor a "subchapter S item." See *N.C.F. Energy Partners v. Commissioner,* 89 T.C. 741 (1987). Finally, the failure of the temporary regulations to list either "partner's basis" or "shareholder's basis" as a "partnership item" or a "subchapter S item" fortifies our conclusion that a share-

---

[5]Another item listed in the section of the temporary regulations defining affected items is the "at risk" limitation under sec. 465 that limits a partner's loss deduction. Sec. 301.6231(a)(5)-1T(c), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987). Sec. 465 does not have any application at either the partnership or subchapter S corporation level. See *Roberts v. Commissioner,* 94 T.C. 853, 861 n. 5 (1990).

holder's basis is not an item that can properly be decided in the subchapter S corporation proceeding.

Respondent's basic concern seems to be that if share-holder basis is not determined in the subchapter S corporation litigation, he will be required to issue subsequent notices of deficiency to the individual shareholders. He argues that in many situations, a shareholder's basis in the corporation will be controlled by items such as corporate distributions and shareholder contributions and loans to the corporation, all of which are subchapter S items. It may be true that shareholder basis will often be determinable once the subchapter S items have been decided. On the other hand, it is clear that the amount of a shareholder's basis in an S corporation cannot always be determined by simply looking at subchapter S items. In an analogous situation, we held that various additions to tax could not be partner-ship items because they "*may* require additional factual determinations to be made at the partner level." (Emphasis added.) *N.C.F. Energy Partners v. Commissioner, supra* at 745.

Our inability to decide the amount of a shareholder's basis in an S corporation proceeding does not lead to the conclusion that shareholder basis will always have to be determined in subsequent litigation. Any final determina-tion of subchapter S items will be binding on the individual shareholders and respondent, and any attempt by either to contest shareholder basis by questioning the underlying subchapter S items would be futile. As we stated in *N.C.F. Energy Partners:*

> We appreciate petitioner's concern for avoiding repetitive litigation. We doubt, however, that the litigation will be repetitive; it has been organized by statute to avoid chaotic and disparate results. Any future litigation at the partner level will not be repetitive of the partnership level proceeding. The doctrine of res judicata will apply to preclude the parties from relitigating any issue already resolved in the partnership proceeding, for example, the value of basis of partnership assets. We cannot, of course, take jurisdiction except where the statute mandates it. *Maxwell v. Commissioner,* 87 T.C. at 793. [*N.C.F. Energy Partners v. Commissioner, supra* at 746-747.]

Finally, we observe that were we to accept respondent's proposal that we decide the shareholders' bases "to the extent the bases are comprised of subchapter S items,"

there would be uncertainty about the meaning of our decision. It is evident from this case that there is a certain amount of confusion over what is properly included within the definition of "subchapter S item."[6] During oral argument, the Court asked respondent's counsel what factors went into the basis determination contained in the proposed decision. It was clear from the responses that respondent's counsel did not participate in the settlement negotiations and had no firsthand knowledge of the considerations that went into the settlement negotiations between petitioner and respondent's appeals officer. If items that were clearly subchapter S items controlled the shareholder basis amounts that are contained in the proposed decision, it would seem more practical to decide those specific subchapter S items so as to make clear exactly what is being decided.

Respondent's motion for entry of decision will be denied.

*An appropriate order will be issued.*

---

[6]See also *Roberts v. Commissioner, supra* at 861-862, where the parties disagreed about whether a partner's sec. 465 at risk limitation was a "partnership item."

