UNIVERSITY HEIGHTS AT HAMILTON CORP., JOSEPH CELLER, A PERSON OTHER THAN THE TAX MATTERS PERSON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7956-90.    Filed August 20, 1991.

*Andrew P. Fradkin,* for the petitioner.
*William A. Heard III,* and *Curtis G. Wilson,* for the respondent.

OPINION

CLAPP, *Judge:* This matter is before the Court on petitioner's motion to dismiss for lack of jurisdiction filed August 22, 1990. On December 15, 1989, respondent mailed notices of final S corporation administrative adjustment (FSAA) to Paul Celler, the tax matters person (TMP) of University Heights at Hamilton Corp. (University Heights) for the taxable years ending October 31, 1984, October 31, 1985, and October 31, 1986. The explanation of items forms attached to each FSAA stated that University Heights was a "no change." The deductions and losses of University Heights and their allocation among shareholders as reported on the corporate returns were not adjusted in the FSAA's. Respondent determined adjustments which affected share-

holders' bases by determining or making adjustments to the following items:

> Capital stock
> Loans payable (Corp.)
> Loans receivable (Corp.)
> 1984 corporate loss allowable
> Contributions
> Capital loss—ST
> Capital losses
> Investment interest
> Section 179 deduction
> Allowable 1984 net operating loss

Respondent determined the amounts and allocation of cash contributions and loans from a review of University Heights' corporate books and records. Respondent determined that two of the three shareholders had insufficient bases to support their distributive share of subchapter S corporate losses claimed on their individual tax returns.

University Heights is a subchapter S corporation subject to the subchapter S corporation audit and litigation procedures contained in section 6241 et seq.[1] Section 6244 incorporates four categories of partnership audit and litigation provisions into the subchapter S corporation audit and litigation procedures, those relating to: (1) Assessments of deficiencies, (2) filing claims for credit or refund, (3) judicial determinations of partnership items, and (4) partnership items. The subchapter S corporation audit and litigation procedures provide that the tax treatment of items of subchapter S income, loss, deductions, and credits generally will be determined at the corporate level in a unified proceeding rather than in separate proceedings at the shareholder level. Subchapter S Revision Act of 1982, Pub. L. 97-354, sec. 4(a), 96 Stat. 1691-1692; see S. Rept. 97-640, at 25 (1982), 1982-2 C.B. 718, 729.

The TMP did not file a petition with this Court, nor with a U.S. District Court or the Claims Court, within the applicable period pursuant to section 6226(a). A person other than the TMP filed with this Court a petition for readjustment of S corporation items under code section 6226. Petitioner

---

[1] All section references are to the Internal Revenue Code as amended and in effect for the years at issue.

argues that the "adjustments" made by respondent in the FSAA's did not in any way change University Heights' income, losses, deductions, or credits, and that respondent's agent did not allege that his calculations differed from those set forth in the corporation's tax returns, books, and records. Petitioner contends that because respondent determined adjustments only to shareholders' bases in their subchapter S corporation stock and failed to determine any adjustments to subchapter S items, this Court must dismiss the case for lack of subject matter jurisdiction.

Respondent agrees that shareholder basis is not a subchapter S item over which this Court has jurisdiction in this corporate level proceeding. He concedes that he improperly raised the issue of shareholders' bases and the issue of the allowable amount of a 1984 net operating loss carryforward in his FSAA's, and he agrees that these issues should be dismissed for lack of jurisdiction. However, he contends that this Court does have jurisdiction over the other items enumerated in the FSAA's, whether they were adjusted, reallocated, or accepted as reported on the corporate returns, as those other items are subchapter S items. Both parties cite *Dial U.S.A., Inc. v. Commissioner,* 95 T.C. 1 (1990), to support their positions.

In *Dial U.S.A., Inc.,* this Court held that an individual shareholder's basis in a subchapter S corporation is not a subchapter S item that can be determined in a corporate level proceeding pursuant to section 6241 et seq. Respondent contends, however, that the FSAA's issued in this case were premised on adjustments, allocations, or "no changes" to subchapter S items, and although such items constitute components of shareholders' bases, he argues that *Dial U.S.A., Inc.* does not stand for the proposition that we lose jurisdiction over subchapter S items merely because a determination of them may affect shareholder basis. We agree.

A subchapter S item is defined as "any item of an S corporation to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the corporate level than at the shareholder level." Sec. 6245. The tax treatment of any subchapter S item is determined at the corporate

level. Sec. 6241. Pursuant to temporary regulations promulgated by the Secretary, subchapter S items are those "items which are required to be taken into account for the taxable year of an S corporation." Sec. 301.6245-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987). The regulations define subchapter S items in part as follows:

> (1) The S corporation aggregate and each shareholder's share of, and any factor necessary to determine, each of the following:
> (i) Items of income, gain, loss, deduction, or credit of the corporation;
>
>       \*      \*      \*      \*      \*      \*      \*
>
> (v) Corporate liabilities (including determinations of the amount of the liability, whether the corporate liability is to a shareholder of the corporation, and changes from the preceding year); * * *
>
>       \*      \*      \*      \*      \*      \*      \*
>
> (5) Items relating to the following transactions, to the extent that a determination of such items can be made from determinations that the corporation is required to make with respect to an amount, the character of an amount, or the percentage of stock ownership of a shareholder in the corporation, for purposes of the corporation's books and records or for purposes of furnishing information to a shareholder:
> (i) Contributions to the corporation; and
> (ii) Distributions from the corporation.
> [Sec. 301.6245-1T(a), Temporary Proced. & Admin. Regs., *supra.*]

The explanation of adjustments made in respondent's FSAA's specifically stated that respondent's agent "only adjusted taxpayer's basis." These adjustments to basis, however, resulted directly from respondent's review of each shareholder's allocable share of corporate deductions and losses, of loans between the shareholders and the corporation, and of the amounts of capital stock purchased and cash contributions made by the shareholders. These items are specifically defined as subchapter S items as noted above. The treatment by University Heights of these items is more appropriately determined at the corporate level than at the shareholder level. See sec. 301.6245-1T(a) and (b), Temporary Proced. & Admin. Regs., *supra.* Although in this case these items affect shareholders' bases, they are subchapter S items that are required to be determined at the corporate level proceeding. Therefore, they are items over which we have jurisdiction in this proceeding.

Further, the fact that respondent determined no adjustments to University Heights' income or losses does not prevent us from having jurisdiction in this case. The prerequisites to this Court's jurisdiction are the issuance of an FSAA and the timely filing of a petition. Secs. 6223, 6226; cf. Rule 240(c)(1). The issuance of an FSAA, even one recommending that no change be made to corporate income or losses, serves to meet the statutory requirement of section 6223(a) to give notice of the completion of the administrative proceeding. In some instances, respondent may choose to issue a "no change" FSAA to prevent a shareholder from later filing an administrative adjustment request with respect to the subchapter S items in question. See sec. 6227; see also sec. 6228. In any event, petitioner received a valid FSAA as required by section 6223 and filed a timely petition as required by section 6226. Once this has occurred, the scope of our judicial review allows us to determine all subchapter S items of the corporation for the corporate taxable year to which the notice of FSAA relates and the proper allocation of such items among the shareholders. Sec. 6226(f); see *Hang v. Commissioner,* 95 T.C. 74 (1990).

The parties agree that we do not have jurisdiction over shareholders' bases in University Heights. Respondent also has withdrawn the net operating loss carryforward issue. Accordingly, petitioner's motion to dismiss for lack of jurisdiction as to petitioner's taxable years 1984, 1985, and 1986 will be denied.

*An order denying petitioner's motion to dismiss for lack of jurisdiction will be issued.*