TERM LEASING ASSOCIATES, SOL HENKIND, TAX MATTERS PARTNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Term Leasing Assoc. v. Commissioner
Docket No. 22161-90
United States Tax Court
T.C. Memo 1992-556; 1992 Tax Ct. Memo LEXIS 578; 64 T.C.M. (CCH) 822; September 22, 1992, Filed *578 Decision will be entered for petitioner except as to total income, as determined above. For Petitioner: Elliot I. Miller. For Respondent: Jane B. Wilson. JACOBS
JACOBS
MEMORANDUM OPINION JACOBS, Judge: This case was assigned to Special Trial Judge D. Irvin Couvillion pursuant to section 7443A(b)(4) [1] and Rules 180, 181, and 183. The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE COUVILLION, Special Trial Judge: This case is a companion case to Henkind v. Commissioner, T.C. Memo. 1992-555 (the Henkind case), which involved the 1982 tax year of the partnership Term Leasing Associates. This case involves the 1983, 1984, and 1985 tax years of Term Leasing Associates. For these years, respondent proposed adjustments to partnership items *579 pursuant to the partnership audit and litigation procedures of sections 6221-6233. In three notices of final partnership administrative adjustment (FPAA), respondent determined adjustments to partnership items as follows: Adjustment
1983
1984
1985
Depreciation
$ 3,086,050 $ 3,458,796 $ 3,379,476
Interest expense
994,341 1,591,830 1,533,845
Other deductions
578,528 493,983 407,292
Expenses allowed to
extent of income
(1,984,175)
(3,285,456)
--  Adjustments to
ordinary income
$ 2,674,744 $ 2,259,153 $ 5,320,613
Respondent disallowed all of the expenses reported by Term Leasing Associates in excess of income for the same reasons advanced in the Henkind case, all relating to the partnership's automobile leasing activity. The parties stipulated the entire record of the Henkind case as part of the record of this case. All of the issues in the Henkind case were resolved in favor of petitioners, the limited partners. For the same reasons, these same issues in this case are resolved in favor of petitioner, with one exception. The at-risk issue, under section 465, is not an issue over which this Court has jurisdiction in this proceeding, *580 a partnership proceeding. In a partnership proceeding, this Court's jurisdiction does not extend to those adjustments which are "affected items" as defined in section 623(a)(5). Whether an individual partner is at risk under section 465 in order to deduct losses or take credits from a partnership has been held to be an "affected item" and cannot be considered in the partnership proceeding. Hambrose Leasing 1984-5 Limited Partnership v. Commissioner, 99 T.C.     (1992); Dial USA, Inc. v. Commissioner, 95 T.C. 1, 5 n.5 (1990); Roberts v. Commissioner, 94 T.C. 853, 858-861 (1990); sec. 301.6231(a)(5)-1T(c), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987). Therefore, the opinion of this Court in the Henkind case with respect to the section 465 at-risk issue does not apply in this case as this Court has no jurisdiction over that issue. That issue will be resolved at the level of the partners. The adjustments determined by respondent in the FPAA's for the partnership's 3 years are, therefore, no longer in issue. Respondent made no adjustments to the income items *581 reported by the partnership; however, petitioner takes issue with the income reported by the partnership on its 1985 information return. The reported total income of the partnership for 1985 is $ 1,802,782. Petitioner contends the items making up the income of the partnership for that year are in error, and that the Form 1065 information return filed with respondent was not the correct return. Petitioner does not dispute the expense items but contends two other Forms 1065 were prepared for the partnership's 1985 tax year, showing different income items, and, although neither of these forms was filed, one of these forms is the correct return and, therefore, constitutes the partnership's return for that year. In one of the unfiled forms, the partnership's total income is shown as $ 381,166 and, in the other unfiled form, the partnership's total income is shown as $ 1,224,052. Some of the facts were stipulated and are found accordingly. Sol Henkind (Mr. Henkind) was the tax matters partner of the partnership. At the time the petition was filed, Mr. Henkind resided at Scarsdale, New York. The partnership's principal place of business is New York, New York. A Form 1065 for 1985 *582 was prepared for the partnership during 1986 by Weinick, Sanders & Co. (Weinick, Sanders), a firm of certified public accountants hired by the partnership's general partner, Term Industries, Inc. Weinick, Sanders had prepared partnership returns for the partnership in prior years. This Form 1065 shows gross rents for the partnership during 1985 in the amount of $ 6,545,156 and net rental income of $ 1,224,052. This form was never signed by a partner and was never filed with the Internal Revenue Service. It is referred to hereafter, for convenience, as the first Weinick, Sanders form. A handwritten Form 1065 was prepared by Jack Heller (Mr. Heller), comptroller of Term Industries, Inc., sometime later in 1986. This form reflected gross rents for the partnership during 1985 in the amount of $ 4,123,006 and net rental income of $ 381,166. This form also was never signed and never filed with the Internal Revenue Service. It is referred to hereafter as the Heller form. During 1987, Weinick, Sanders prepared a second Form 1065 for the partnership's 1985 tax year. Like the first Weinick, Sanders form, this return reflected gross rents of $ 6,545,156 but additionally included a *583 Schedule 4797, Gains & Losses From Sales or Exchange of Assets Used In a Trade or Business & Involuntary Conversions, reflecting $ 578,730 net gain from the sale of automobiles. The first Form 1065 prepared by Weinick, Sanders did not have this Schedule 4797. Because of the additional Schedule 4797 gain of $ 578,730, the partnership's total income as reflected on this second form is $ 1,802,782. This form was submitted to the partnership and signed by Gerald Brauser, president of Term Industries, Inc., the general partner, on or about February 18, 1988, and filed with the Internal Revenue Service Center at Holtsville, New York, where it was received by mail on February 22, 1988. This return was also signed by Gregory Lavin (Mr. Lavin), the certified public accountant who prepared the return for Weinick, Sanders. No return amending this Form 1065 was ever filed with the Internal Revenue Service. The information contained in this form is reflected in the FPAA issued by respondent for 1985. For convenience, this return is hereafter referred to as the filed return. Petitioner contends that the filed return is incorrect, and that the partnership's correct return is either the Heller *584 form, which reflected income of $ 381,166 or the first Weinick, Sanders form which reflected income of $ 1,224,052. The parties have framed the issue in terms of which of the three purported forms is the correct return of the partnership for 1985. Respondent, on the one hand, contends the filed return is the proper return because it was dated, signed, and filed with the Internal Revenue Service and, accordingly, satisfied the requirements of sections 6031, 6063, and 6065. The other forms were never signed, dated, or filed, and, therefore, those documents do not constitute "returns". Petitioner, on the other hand, contends that, because one of the unfiled forms was prepared in the handwriting of an authorized official of the partnership, Mr. Heller, that constitutes a "constructive signature", and, since this particular form was provided to the agent during respondent's audit of the partnership's 1983, 1984, and 1985 tax years, the production of this document constituted the filing of a return, which then served to amend the filed return. Petitioner also contends that, because partnership returns are purely information returns and have been held not to be equivalent to income *585 tax returns for purposes of section 6501(a), the usual rules relating to the signing and filing of income tax returns are not applicable to partnership returns. All of these arguments miss the point. The issue is not which return is the correct return; the issue is what is the partnership's total income for 1985. In the 1985 FPAA, respondent adjusted the expense items claimed by the partnership on the filed return. No adjustments were made to the income items reported on the filed return. Whether the filed return was in fact the partnership's return or whether one of the other two unfiled forms was its return is not the issue. Respondent determined that a return was filed, accepted the income items reported on that return, and adjusted the expenses claimed. Petitioner's burden is to establish the correct income of the partnership for the year in question. The mere fact that other forms were prepared does not satisfy that burden. In considering the evidence, the record reflects that the accountant for Weinick, Sanders, Mr. Lavin, prepared the first Weinick, Sanders form, which was never filed, based upon information provided by Mr. Heller, the partnership's comptroller, and *586 the partnership's accounting staff. This return reflected total income of $ 1,224,052. At that time, Weinick, Sanders had not audited the partnership's books and records to verify the information contained on the first Weinick, Sanders form. After the firm audited the partnership's books, the accounting firm determined that the partnership had realized additional income of $ 578,730 from automobile sales which should be reported on Schedule 4797 as part of Form 1065. Accordingly, another form was prepared to include this income, and this second version was later signed by the general partner and filed with the Internal Revenue Service (the filed return). The first or original unfiled form, which did not include the $ 578,730 income, was sent by Weinick, Sanders to Mr. Heller, and Mr. Heller forwarded a copy to Michelle Rosenberg (Ms. Rosenberg), the independent accountant who had been retained by Mr. Henkind and Mr. Simpson to determine whether they were entitled to distributions from the partnership. Ms. Rosenberg and her accounting firm were of the opinion that the gross rents were excessive and pointed this out to Mr. Heller. At this point, Mr. Heller prepared his version *587 of Form 1065 (the Heller return) in which the gross rents were more in line with Ms. Rosenberg's views. Mr. Heller advised Ms. Rosenberg that this form would be filed, and she was unaware that this form was never filed. Although there was some discussion between Mr. Heller, Ms. Rosenberg, and Mr. Lavin (Weinick, Sanders) over the gross rents of the partnership, the record is void of any evidence that Mr. Lavin and his firm ever agreed with or concurred in the opinions of Ms. Rosenberg and Mr. Heller as to the partnership's gross rentals. Moreover, there is no evidence in the record that Ms. Rosenberg and Mr. Heller disputed the $ 578,730 automobile sales income that Mr. Lavin and his firm determined should be reported. Whatever came of the discussions among these individuals is not reflected in the record. What is established is that Weinick, Sanders prepared the second form, retained the same gross rents figure which was on the first draft, included the additional $ 578,730 automobile sales income, submitted the form to Mr. Brauser, who then signed it on behalf of the general partner, and filed it with the Internal Revenue Service (the filed return). If there are any income *588 items on the filed return which are incorrect, the only individuals who could have and should have resolved that error were Mr. Heller, Ms. Rosenberg, and the accountants for Weinick, Sanders. These were the people who had complete knowledge and access to the partnership's books and records. On this record, the Court finds that the resolution of that question is reflected on the filed return showing total income of $ 1,802,782. That is the income this Court finds as the partnership's total income for 1985. Rule 142(a). Decision will be entered for petitioner except as to total income, as determined above.
Footnotes
1. All section references are to the Internal Revenue Code for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩