T.C. Memo. 1998-21

UNITED STATES TAX COURT

LB&M ASSOCIATES, INC., RUDY J. ALVARADO, TAX MATTERS PERSON,
Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 1609-96, 1610-96.        Filed January 20, 1998.

Elizabeth K. Brown and James W. Bruce III, for petitioner.

O. Christopher Meyers, for participating shareholders.

Gary L. Bloom, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This matter is before us on respondent's motion to dismiss for lack of jurisdiction and to strike with respect to affected items (respondent's motion).  We shall grant respondent's motion.

LB&M Associates, Inc. (LB&M), an S corporation, had its principal place of business in Lawton, Oklahoma, at the time the respective petitions in these cases were filed. The record in these cases establishes and/or the parties do not dispute the following.

During 1990, except for Rudy J. Alvarado (Mr. Alvarado) who became a shareholder of LB&M during that year when he purchased 10 percent of its stock, all of the shareholders of LB&M (selling LB&M shareholders), including James E. Ferguson, John P. Purcell, Jr., Bloomer Don Sullivan, Steve Doerfel, Anthony Pokorny, and Howard Rubin (participating shareholders), sold LB&M a portion of their LB&M stock (1990 stock sale) in return for which LB&M issued a promissory note to each such shareholder (promissory note). As a result of Mr. Alvarado's purchase and the selling LB&M shareholders' sales of LB&M stock, Mr. Alvarado became a 51-percent owner of the stock of LB&M.

LB&M and each of the selling LB&M shareholders treated the promissory note issued to each such shareholder in the 1990 stock sale as reflecting an indebtedness of LB&M to that shareholder (alleged LB&M liability). Each of the selling LB&M shareholders treated the alleged LB&M liability to each such shareholder as an increase in such shareholder's (1) basis in the indebtedness of LB&M to such shareholder and (2) combined basis (basis in LB&M) in (a) such indebtedness and (b) the LB&M stock held by such shareholder.

During 1990, LB&M made a cash distribution (1990 cash distribution) to each of the selling LB&M shareholders. None of those shareholders reported any capital gain with respect to the 1990 cash distribution in the Federal income tax return that each such shareholder filed for 1990. That is because, except for one of the selling LB&M shareholders,[1] the treatment by each of those shareholders of the alleged LB&M liability as an increase in such shareholder's basis in LB&M caused such shareholder's basis in LB&M to exceed such shareholder's 1990 cash distribution.

Respondent mailed notices of final S corporation administrative adjustment for 1990 (1990 FSAA) and 1991 (1991 FSAA), respectively, to Steve Doerfel (Mr. Doerfel) in his capacity as the tax matters person (original tax matters person) of LB&M. In the 1990 FSAA, respondent made adjustments to certain subchapter S items of LB&M and purported to make adjustments to (1) the capital gains of certain shareholders of LB&M "on Cash Distributions in Excess of Basis" and (2) the capital losses of certain of those shareholders because of the "basis limitation provisions of Section 1366(d)".

The original tax matters person timely filed a petition with respect to the 1990 FSAA and a petition with respect to the 1991

[1] One of the selling LB&M shareholder's basis in LB&M would have equaled or exceeded the 1990 cash distribution that such shareholder received even if such shareholder had not increased his or her basis in LB&M by the alleged LB&M liability to such shareholder.

FSAA. Paragraph 5 of the amended petitions in these cases alleges in pertinent part:

> Petitioner * * * disputes the determination of the Commissioner regarding the basis of the individual shareholders in the stock of Petitioner. The dispute here does not arise from the adjustments to income and expenses at the corporate level. The dispute arises in the computation of the basis of the individual shareholders in their stock. This computation of basis at the shareholder level in turn determines the amount and timing of the loss amounts deductible to the shareholders.

>             *       *       *       *       *       *       *

> The Commissioner erred in failing to include in the basis computation the amount of money loaned to Petitioner by certain individual shareholders of Petitioner during calendar year 1990.

>             *       *       *       *       *       *       *

> The basis computation used by Commissioner at the shareholder level does not include an increase to basis as a result of these loans.

The amended petition in docket No. 1609-96 relating to 1990 also alleges:

> All of the * * * adjustments except * * * Shareholders [sic] Capital Gain on Cash Distributions in Excess of Basis, (in the amount of $87,935) are agreed.

> (b) Petitioner disputes the said amount [relating to the shareholders' capital gain] * * *. * * *

On June 20, 1997, the Court permitted Mr. Alvarado (current tax matters person) to replace Mr. Doerfel as the tax matters person in these cases.

The original tax matters person admitted in the amended petitions in these cases that the computation of the basis in LB&M of each of the selling LB&M shareholders is to be made at the shareholder level. It is because that computation is to be made at the shareholder, and not the corporate, level that respondent argues, the current tax matters person concedes,[2] and we conclude that this Court has no jurisdiction in these proceedings over the determination of the basis in LB&M of each LB&M shareholder. See Dial USA, Inc. v. Commissioner, 95 T.C. 1, 4-6 (1990); sec. 301.6245-1T(c)(1) and (3), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3004 (Jan. 30, 1987); see also sec. 6231(a)(5);[3] sec. 301.6231(a)(5)-1T(a) and (b), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6779 (Mar. 5, 1987). Nor do we have jurisdiction over the other affected items referred to in the amended petitions, which also are matters that must be determined

_____

[2] Although the position of the participating shareholders is not altogether clear, they appear to concede that the determination of the basis in LB&M of each of the selling LB&M shareholders is not a subchapter S item. To the extent that the participating shareholders contend otherwise, they are wrong. See Dial USA, Inc. v. Commissioner, 95 T.C. 1, 4-6 (1990); sec. 301.6245-1T(c)(1) and (3), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3004 (Jan. 30, 1987). We have considered all of the arguments of the participating shareholders that are not discussed herein, and we find them to be without merit.

[3] All section references are to the Internal Revenue Code in effect at all relevant times. Sec. 6244 extends and makes the partnership audit and litigation provisions applicable to subchapter S items.

at the shareholder, and not the corporate, level (viz., (1) for 1990 and 1991 the amount of loss, if any, deductible by each LB&M shareholder and (2) for 1990 the amount of capital gain, if any, of each LB&M shareholder).  See sec. 6231(a)(5); sec. 301.6231(a)(5)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987).  The only matters in dispute in these cases over which the Court has jurisdiction are whether for each of the years at issue LB&M was indebted to each of the selling LB&M shareholders and, if so, the amount of such indebtedness. See University Heights at Hamilton Corp. v. Commissioner, 97 T.C. 278, 281 (1991); sec. 301.6245-1T(a)(1)(v), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987).

To reflect the foregoing,

An appropriate order will be issued granting respondent's motion.