T.C. Memo. 2000-327


UNITED STATES TAX COURT


ALLEN FAMILY FOODS, INC., CHARLES C. ALLEN, III,
TAX MATTERS PERSON, Petitioner v. COMMISSIONER OF
INTERNAL REVENUE, Respondent


ALLEN'S HATCHERY, INC., JOHN R. ALLEN, JR.,
TAX MATTERS PERSON, Petitioner v. COMMISSIONER OF
INTERNAL REVENUE, Respondent


Docket Nos. 18546-99, 18547-99.    Filed October 20, 2000.


Robert H. Knapp and John S. Stanton, for petitioners.

Clare J. Brooks and Ronald L. Buch, Jr., for respondent.


MEMORANDUM OPINION

ARMEN, Special Trial Judge:  These cases are before the
Court on respondent's Motions to Dismiss for Lack of Jurisdiction
and to Strike.  Respondent contends that the Court lacks
jurisdiction in these corporate level proceedings to consider

allegations contained in the petitions regarding: (1) The impact (if any) of the underlying adjustments on shareholder basis and (2) the accuracy-related penalty under section 6662(a).[1]  As explained in detail below, we shall grant respondent's motions in part by striking: (1) All allegations in the petitions regarding the specific amounts of the individual shareholders' bases in their stock and (2) all allegations pertaining to the accuracy-related penalties under section 6662(a).  However, we shall deny respondent's motions in respect of the allegations in the petitions that the underlying adjustments in these cases, if sustained, generally will result (as a matter of law) in bases adjustments at the shareholder level.

Background

Allen's Hatchery, Inc. (Hatchery), an S corporation organized under the laws of Delaware, is in the business of hatching and raising live broiler chickens for resale to chicken processors.  Allen Family Foods, Inc. (Foods), an S corporation also organized under the laws of Delaware, is in the business of processing broiler chickens for sale to food retailers. Hatchery and Foods are considered brother-sister corporations insofar as they have the same controlling shareholders.

---

[1]  Unless otherwise indicated, all section references are to sections of the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued notices of final S corporation administrative adjustment (FSAA's) with respect to Hatchery and Foods setting forth various adjustments to their corporate income tax returns for their taxable years ending in 1994, 1995, and 1996. Respondent determined, inter alia, that Hatchery sold its broiler chickens to Foods at prices below the arm's-length price mandated by section 482. As a consequence, respondent adjusted Hatchery's returns by increasing the gross income that Hatchery earned on its sale of broiler chickens to Foods during the years in issue and, concomitantly, adjusted Foods' returns by increasing Foods' costs of goods sold for the years in issue.

The FSAA issued with respect to Hatchery included as an attachment an International Examiner's Report that stated that accuracy-related penalties under section 6662 should be imposed at the individual shareholder level.

The tax matters persons for Hatchery and Foods, referred to collectively as petitioners, filed timely petitions for readjustment contesting the FSAA's. Paragraphs 6(h) through (m) of those petitions allege as follows:

Paragraphs 6(h) of both the Hatchery and Foods petitions allege that the Commissioner erred in failing to determine that the additional income allocated to Hatchery for each of the years in issue should be treated as a constructive distribution to Hatchery's shareholders in amounts proportionate to their

shareholdings and as capital contributions by those same shareholders to Foods.

Paragraphs 6(i) of both the Hatchery and Foods petitions allege that the Commissioner erred in failing to determine an increase in Foods' shareholders' bases in their stock equal to the amount of the constructive contributions that they are deemed to have made to Foods as a consequence of respondent's section 482 adjustments for each of the years in issue.

Paragraphs 6(j) of both the Hatchery and Foods petitions allege that the Commissioner erred in failing to determine that, as a consequence of the constructive corporate distributions and shareholder contributions described in paragraphs 6(h) and (i), Foods shareholders had adequate bases in their Foods stock to deduct their proportionate shares of the annual losses attributed to Foods pursuant to respondent's section 482 adjustments and that the adjustments produced a wash for tax purposes at the individual shareholder level.

Paragraphs 6(k), (l), and (m) of the Hatchery petition contain allegations contesting the accuracy-related penalties under section 6662. The petition alleges that the Commissioner erred in determining that accuracy-related penalties are applicable to the section 482 adjustments in dispute and that the Commissioner erred in determining that the penalties are not subchapter S items subject to review in these proceedings.

As indicated, respondent filed Motions to Dismiss for Lack of Jurisdiction and to Strike the allegations in the petitions relating to shareholder basis and the accuracy-related penalty.[2] Petitioners filed objections to respondent's motions.

These cases were called for hearing at the Court's motions session in Washington, D.C. Counsel for both parties appeared at the hearing and offered argument in support of their respective positions. Following the hearing, both parties filed memoranda with the Court.

Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. See sec. 7442; Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

These cases are before the Court pursuant to the unified subchapter S corporation audit and litigation procedures set forth in subchapter D of chapter 63 of subtitle F.[3] The

---

[2] Insofar as the paragraphs of the petitions described above are concerned, we regard respondent as moving to strike paragraphs 6(i) and (j) of both the Hatchery and Foods petitions, as well as paragraphs 6(k), (l), and (m) of the Hatchery petition.

[3] Subchapter D of chapter 63 of subtitle F, consisting of secs. 6241-6245, was codified pursuant to the Subchapter S Revision Act of 1982, Pub. L. 97-354, sec. 4(a), 96 Stat. 1691-1692. This subchapter was repealed applicable to tax years

(continued...)

governing statutory provisions, set forth in sections 6241-6245, generally provide that the proper tax treatment of S corporation items shall be determined in a single, unified proceeding at the corporate (as opposed to individual shareholder) level. See Eastern States Cas. Agency, Inc. v. Commissioner, 96 T.C. 773, 775 (1991); Dial, Inc. v. Commissioner, 95 T.C. 1, 1-2 (1990). In this regard, section 6245 provides:

> SEC. 6245. * * * the term "subchapter S item" means any item of an S corporation to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the corporate level than at the shareholder level.

It is well settled that items requiring factual determinations at the individual shareholder level; i.e., so-called affected items, are beyond the scope of the Court's jurisdiction in a corporate level proceeding. See sec. 6244 (making certain procedural provisions of the unified partnership audit and litigation procedures set forth in secs. 6221-6234 applicable to S corporations); N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 744 (1987); see also Hang v. Commissioner, 95 T.C. 74 (1990).

---

[3](...continued) beginning after Dec. 31, 1996, by the Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1307(c)(1), 110 Stat. 1781.

A. <u>Shareholder Basis</u>

Section 301.6245-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987), provides a laundry list of subchapter S items; i.e., items that are required to be taken into account for the taxable year of an S corporation, that the Secretary has determined are more appropriately determined at the corporate level than at the shareholder level. Specifically, section 301.6245-1T(a)(5), Temporary Proced. & Admin. Regs., <u>supra</u>, includes in such list of subchapter S items the following:

> (5) Items relating to the following transactions, to the extent that a determination of such items can be made from determinations that the corporation is required to make with respect to an amount, the character of an amount, or the percentage of stock ownership of a shareholder in the corporation, for purposes of the corporation's books and records or for purposes of furnishing information to a shareholder:

> (i) Contributions to the corporation; and

> (ii) Distributions from the corporation.

In sum, section 301.6245-1T(a)(5), Temporary Proced. & Admin. Regs., <u>supra</u>, provides that subchapter S items include items related to shareholder contributions and corporate distributions to the extent that a determination of such items can be made from determinations that the corporation is required to make with respect to the character or amount of a contribution or distribution for purposes of the corporation's books and records or for purposes of furnishing information to a shareholder.

Section 301.6245-1T(c), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3004 (Jan. 30, 1987), provides in pertinent part:

> (c) <u>Illustrations</u>--(1) <u>In general</u>.  This paragraph (c) illustrates the provisions of paragraph (a)(5) of this section.  The determinations illustrated in this paragraph (c) that the corporation is required to make are not exhaustive; there may be additional determinations that the corporation is required to make which relate to a determination listed in paragraph (a)(5) of this section.  The critical element is that the corporation is required to make a determination with respect to a matter for the purposes stated; failure by the corporation actually to make a determination (for example, because it does not maintain proper books and records) does not prevent an item from being a subchapter S item.
>
> (2) <u>Contributions</u>.  For purposes of its books and records, or for purposes of furnishing information to a shareholder, the S corporation must determine:
>
> > (i) The character of the amount received by the corporation (for example, whether it is a contribution, loan, or repayment of a loan);
>
> \* \* \* \* \* \* \*
>
> To the extent that a determination of an item relating to a contribution can be made from these and similar determinations that the corporation is required to make, that item is a subchapter S item.  To the extent that the determination requires other information, however, that item is not a subchapter S item.  Such other information would include those factors used in determining whether there is recapture under section 47 by the contributing shareholder of the general business credit because of the contribution of property in circumstances in which that determination is irrelevant to the corporation.
>
> (3) <u>Distributions</u>.  For purposes of its books and records, or for purposes of furnishing information to a shareholder, the S corporation must determine:
>
> > (i) The character of the amount transferred

to a shareholder (for example, whether it is a dividend, compensation, loan, or repayment of a loan);

(ii) The amount of money distributed to a shareholder;

\* \* \* \* \* \* \*

To the extent that a determination of an item relating to a distribution can be made from these and similar determinations that the corporation is required to make, that item is a subchapter S item. To the extent that the determination requires other information, however, that item is not a subchapter S item. Such other information would include the determination of a shareholder's basis in the shareholder's stock or in the indebtedness of the S corporation to the shareholder.

In sum, section 301.6245-1T(c), Temporary Proced. & Admin. Regs., supra, provides in pertinent part: (1) An S corporation is required to make determinations regarding the character and amount of corporate distributions and shareholder contributions; and (2) the determination of an item relating to such corporate distributions and shareholder contributions qualifies as a subchapter S item where the determination does not require "other information" such as shareholder basis.

The parties agree that if the Court should sustain the section 482 adjustments set forth in the FSAA's, then the Court would have jurisdiction to decide whether those adjustments resulted in constructive corporate distributions and/or shareholder contributions in these corporate level proceedings. In other words, the parties agree that constructive corporate

distributions and/or shareholder contributions in this context constitute subchapter S items pursuant to section 301.6245-1T(a)(5), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987).

On the other hand, the parties disagree whether the above-quoted regulations expand the scope of the term "subchapter S item" to encompass the determinations regarding shareholder basis that petitioners seek to place in dispute in these cases. Petitioners contend that, inasmuch as constructive corporate distributions and/or shareholder contributions are considered subchapter S items, the Court's jurisdiction encompasses the legal question whether such constructive corporate distributions and/or shareholder contributions will result in adjustments to the shareholders' bases in their stockholdings. Petitioners rely on the flush language of section 301.6245-1T(c)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3004 (Jan. 30, 1987), and Dakotah Hills Offices Ltd. Partnership v. Commissioner, T.C. Memo. 1996-35, in support of their position. Respondent counters that the Court's holding in Dial, Inc. v. Commissioner, 95 T.C. 1 (1990), is controlling, and that the matters relating to shareholder basis that petitioners are attempting to place in dispute do not constitute subchapter S items.

Our review of the allegations in the petitions that respondent finds objectionable reveals that petitioners in fact

make two arguments relating to shareholder basis.  First, petitioners allege that if the Court should sustain respondent's section 482 adjustments and conclude that such adjustments result in constructive corporate distributions and/or shareholder contributions, then the Court should address the legal question whether such constructive corporate distributions and/or shareholder contributions generally will result in adjustments to the shareholders' bases in their stockholdings.  Second, petitioners allege that if the Court should sustain respondent's section 482 adjustments and conclude that such adjustments result in constructive corporate distributions and/or shareholder contributions, then the resulting constructive shareholder contributions to Foods would give Foods' shareholders sufficient bases in their stock to allow them to recognize their pro rata shares of Foods' losses, thereby offsetting the taxable gains associated with the section 482 adjustments to Hatchery's gross sales.[4]

In Dial, Inc. v. Commissioner, supra, a proceeding brought under the unified subchapter S corporation audit and litigation provisions, the Court, sua sponte, challenged (and ultimately

---

[4]  Sec. 1366(d)(1) provides that if an S corporation sustains a loss, an individual shareholder's deduction of his or her pro rata share of the loss is limited to the shareholder's adjusted basis in the stock and the indebtedness of the corporation to the shareholder.

denied) the Commissioner's Motion for Entry of Decision where the Commissioner's proposed decision document included language by which the Court would purportedly decide the individual shareholders' bases in the S corporation during the year in issue. Focusing on the language contained in section 301.6245-1T(c), Temporary Proced. & Admin. Regs., which states that the critical element classifying an item as a subchapter S item is whether the S corporation was required to make a determination with respect to a matter, the Court noted that the Commissioner had not argued that an individual shareholder's basis in an S corporation is an item that is required to be taken into account for the taxable year of an S corporation. See Dial, Inc. v. Commissioner, supra at 4. The Court also noted that there are situations where the amount of an individual shareholder's basis simply cannot be determined from items that the corporation is required to take into account. See id. Finally, the Court rejected the Commissioner's argument that the Court could decide the amount of the shareholders' bases "in a qualified manner that acknowledges that other factors might change the basis figures". Id. at 4-6.

In University Heights v. Commissioner, 97 T.C. 278 (1991), the Court followed its holding in Dial, Inc. v. Commissioner, supra, that the amount of an individual shareholder's basis in an S corporation is not a subchapter S item.

Consistent with Dial, Inc. v. Commissioner, supra, and University Heights v. Commissioner, supra, we hold that the Court lacks jurisdiction in these corporate level proceedings to decide the amount of individual shareholders' bases in their stock in Hatchery or Foods. It follows that if we should sustain respondent's adjustments under section 482 and if we decide that such adjustments result in constructive corporate distributions and/or shareholder contributions, then we lack jurisdiction to decide whether Foods shareholders have sufficient bases in their stock to allow them to recognize their pro rata shares of Foods losses. Consequently, we shall grant respondent's motion to dismiss for lack of jurisdiction and to strike insofar as respondent moves with respect to any such allegations.

The more difficult question is whether we have jurisdiction in these corporate level proceedings to consider the legal question whether constructive corporate distributions and/or shareholder contributions generally will result in adjustments to the individual shareholders' bases in their S corporation stock. Significantly, the Court in Dial, Inc. v. Commissioner, supra, was not presented with this particular issue. For the reasons set forth below, we conclude that the Court does have jurisdiction to consider this issue in these corporate level proceedings.

As noted earlier, the parties agree that if the Court should sustain respondent's section 482 adjustments, then the Court

would have jurisdiction to decide whether such adjustments result in constructive corporate distributions and/or shareholder contributions in these corporate level proceedings. The parties agree that, in this context, constructive corporate distributions and/or shareholder contributions qualify as subchapter S items. As such, the corporation must either record these items on its books and records or provide information regarding these items to its shareholders.

Under the circumstances, we agree with petitioners that the legal question whether such constructive corporate distributions and/or shareholder contributions generally will result in adjustments to the bases of the individual shareholders in their S corporation stock constitutes a subchapter S item within the meaning of the flush language of section 301.6245-1T(c)(2) and (3), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3004 (Jan. 30, 1987). Section 301.6245-1T(c)(2)(iii), Temporary Proced. & Admin. Regs., supra, provides in pertinent part:

> To the extent that a determination of an item relating to a contribution can be made from these and similar determinations that the corporation is required to make, that item is a subchapter S item. To the extent that the determination requires other information, however, that item is not a subchapter S item.

In short, we conclude that the legal question concerning the proper basis treatment in respect of a constructive corporate distribution and/or shareholder contribution qualifies as an item relating to a contribution or distribution that can be determined

(and to a large extent follows) from the determination that the corporation is required to make regarding the character and amount of a corporate distribution or shareholder contribution. See University Heights v. Commissioner, supra at 281, in which we held that the Court has jurisdiction over subchapter S items (including shareholder contributions) that affect shareholder basis. Because we are not determining the specific amount of an individual shareholder's basis but are merely deciding the legal character of constructive corporate distributions and/or shareholder contributions and whether these items will affect shareholders' bases in their stock, we have no need to consider or rely upon "other information" within the meaning of the regulations.

As a final matter, we observe that our holding on this point is consonant with the basic policy underlying the unified subchapter S corporation audit and litigation procedures; namely, the consistent treatment of subchapter S items among S corporation shareholders. See S. Rept. 97-640, at 25 (1982), 1982-2 C.B. 718, 729. The failure to resolve the proper basis treatment of constructive corporate distributions and shareholder contributions at the corporate level would open the door for inconsistent treatment of such items at the individual shareholder level. Accordingly, we shall deny respondent's motions to dismiss for lack of jurisdiction and to strike insofar as respondent moves with respect to paragraphs 6(i) of both the

Hatchery and Foods petitions.

B. Accuracy-Related Penalty

Respondent has also moved to dismiss for lack of jurisdiction and to strike all allegations in the Hatchery petition that pertain to the accuracy-related penalties. Petitioner contends that the accuracy-related penalties constitute subchapter S items inasmuch as many of the elements necessary to sustain the penalties require the development of facts that are within the exclusive knowledge of the corporations and their officers.

Section 6244 provides in pertinent part that the provisions of subchapter C that relate to assessing deficiencies with respect to partnership items and judicial determination of partnership items are, except as provided in regulations, made applicable to subchapter S items. Accordingly, we look to the partnership provisions and case law for guidance in deciding whether the accuracy-related penalty is a subchapter S item.

In the partnership context, there is a well-settled distinction between partnership items and affected items. An affected item is one that is dependent on factual determinations to be made at the individual partner level. See N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 744 (1989). Section 6230(a)(2)(A)(i) provides that the normal deficiency procedures apply to those affected items that require partner level determinations. Traditionally, additions to tax were considered

affected items requiring factual determinations at the individual partner level. See N.C.F. Energy Partners v. Commissioner, supra at 745; see also sec. 301.6231(a)(5)-1T(d), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987).

In N.C.F. Energy Partners v. Commissioner, supra, a case similar in many respects to the case before the Court, the Commissioner issued a notice of final partnership administrative adjustment with respect to N.C.F. Energy Partners (NCF) determining adjustments to NCF's tax returns for 1982 and 1983. The FPAA was accompanied by an explanation of items stating that the Commissioner intended to assert additions to tax (including additions to tax under section 6661) at the individual partner level. The tax matters partner filed a petition for readjustment on NCF's behalf contesting both adjustments to partnership items and the various additions to tax mentioned in the explanation of items. The Commissioner moved to dismiss for lack of jurisdiction and to strike the allegations in the petition pertaining to additions to tax on the ground that such items constituted affected items that could be resolved only at the individual partner level following the completion of partnership level proceedings.

The Court agreed with the Commissioner that the additions to tax in question were affected items that could not be raised in the partnership level proceeding. With regard to additions to tax for negligence, the Court stated in pertinent part:

a partner will be liable for the addition to tax for negligence pursuant to section 6653(a) if he has an underpayment of tax some part of which is due to negligence.  The existence of an underpayment of tax at the partner level cannot be made until the partner's share of distributable items of income, loss, deduction, and credit is determined in the partnership level proceeding.  Once the partnership level proceeding ends, however, the factual question of whether any part of the underpayment was due to the partner's negligence must be answered at the partner level.

N.C.F. Energy Partners v. Commissioner, supra at 744-745.

In the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7721, 103 Stat. 2106, 2395-2397, Congress consolidated the additions to tax for negligence and substantial understatement under new section 6662 entitled "Imposition of Accuracy-Related Penalty".  Although respondent never amended sec. 301.6231(a)(5)-1T(d), Temporary Proced. & Admin. Regs., supra, to include the accuracy-related penalty within the definition of the term "affected items", we are satisfied that Congress intended for accuracy-related penalties to be treated similarly to additions to tax; i.e., as affected items.  See Crystal Beach Dev. of Destin Ltd. v. Commissioner, T.C. Memo. 2000-170; H. Conf. Rept. 101-386, at 652 (1989).

In Crystal Beach Dev. of Destin Ltd. v. Commissioner, supra, we noted that Congress recently amended section 6221 to provide that the applicability of any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item shall be determined at the partnership level.  See Taxpayer

Relief Act of 1997, Pub. L. 105-34, sec. 1238(a), 111 Stat. 1026. However, the amendment to section 6221 is effective only for partnership taxable years ending after August 5, 1997.  See H. Conf. Rept. 105-220, at 685 (1997) (effective for partnership taxable years ending after the date of enactment--August 5, 1997).

Consistent with the preceding discussion, it follows that the Court lacks jurisdiction to review the applicability of the accuracy-related penalties for Hatchery's taxable years ending in 1994, 1995, and 1996.  These penalties may only be contested at the individual shareholder level following the completion of Hatchery's corporate level proceeding.  Accordingly, we shall grant respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike insofar as respondent moves to dismiss and strike allegations in the Hatchery petition pertaining to the accuracy-related penalties.

In view of the foregoing,

Appropriate orders

will be issued.