ALBATRICK, INC., ELOISE S. BROWN, TAX MATTERS PERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Albatrick, Inc. v. Commissioner
Docket No. 23066-89
United States Tax Court
T.C. Memo 1995-119; 1995 Tax Ct. Memo LEXIS 115; 69 T.C.M. (CCH) 2153; March 22, 1995, Filed *115 Decision will be entered for respondent. For petitioner: Mark Clement. For respondent: Donna P. Leone. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge D. Irvin Couvillion pursuant to section 7443A(b)(4) [1] and Rules 180, 181, and 183. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE COUVILLION, Special Trial Judge: This case is one of several cases comprising what has been identified by respondent as "Farley Horses", a national litigation project. The merits of that project were considered by this Court in , affd. without published opinion sub nom. . *116 The promotion in Farley Horses involved investments in various partnerships and corporations engaged in the breeding and racing of standardbred horses. The promoter in these various ventures was Daniel J. Farley (Mr. Farley). This Court held in , that all of the various promotions that were involved in that case were so lacking in economic substance that the promotions were economic shams and, as such, could not be recognized for tax purposes. Among the promotions at issue in the Brown case was that involving a promotion conducted through Albatrick, Inc., an S corporation (the corporation) as defined in section 1361. The corporation had two shareholders, one of whom was Eloise S. Brown, who petitioned in this case as a person other than the tax matters person of Albatrick, Inc. Eloise S. Brown and her husband, Howard G. Brown, were parties litigant in the Brown case, with respect to Mrs. Brown's investment as a shareholder in the corporation for the year 1983. This case involves the 1985 tax year of the corporation. [2]
*117 Respondent issued a notice of final S corporation administrative adjustment (FSAA) to the tax matters person (TMP) of the corporation with respect to its 1985 tax year. In the FSAA, respondent disallowed an ordinary loss reported by the corporation of $ 35,693 for 1985. As a 50-percent shareholder of the corporation, Eloise S. Brown reported a loss of $ 17,847 on her joint 1985 Federal income tax return with her spouse, Howard G. Brown, representing one-half of the corporation's loss for that year. Based on this Court's decision in the Brown case, petitioner does not dispute the merits of the determinations of respondent in the FSAA as to Albatrick, Inc.'s 1985 tax year. However, petitioner contends the FSAA is invalid, and this Court has no jurisdiction over Albatrick, Inc., for the reason that the corporation, having fewer than 10 shareholders, was not subject to the unified subchapter S audit and litigation procedures of sections 6241 through 6245. Thus, the issue for decision is whether the corporation, as an S corporation with fewer than 10 shareholders, was excepted from the subchapter S unified audit and litigation procedures with respect to its 1985 tax year. Petitioner *118 argues that section 6231(a)(1)(B) provides that partnerships with 10 or fewer partners are excepted from the unified partnership audit and litigation procedures, and that the tax treatment of such partnerships is determined at the partner level rather than at the entity level. All of the facts were stipulated, and those facts, with the exhibits annexed thereto, are so found and are incorporated herein by reference. There was no additional evidence adduced at trial. At the time the petition was filed, the corporation's principal place of business was in the State of Pennsylvania. The petitioning shareholder, Eloise S. Brown, was also a legal resident of the State of Pennsylvania at the time the petition was filed. The corporation was an S corporation pursuant to sections 1361 through 1379. As such, for calendar year 1985, it filed Form 1120S, U.S. Income Tax Return for an S Corporation. That return indicated that the corporation had two shareholders during 1985, each owning a 50 percent interest: Eloise S. Brown and John M. Carver. Respondent and John M. Carver settled the S corporation items relating to Mr. Carver's 1985 tax year prior to the filing of the petition in this *119 case. As noted in footnote 2, all other matters relating to the individual income tax return of Eloise S. Brown for the year 1985, except for her investment in the corporation, were resolved in A decision has been entered in that case. The FSAA was timely issued by respondent within the period of limitations provided in section 6229(a), as made applicable to subchapter S items by section 6244. If the Court concludes that the unified subchapter S audit and litigation procedures are not applicable to petitioner, the FSAA issued to petitioner is invalid, and this case will be dismissed for lack of jurisdiction. The Subchapter S Revision Act of 1982, Pub. L. 97-354, 96 Stat. 1691-1692, provides for the unified tax treatment of S corporation items. Section 6241 provides that the tax treatment of an S corporation item shall be determined at the corporate level except as otherwise provided by regulations. Section 6244 provides that provisions relating to partnership items set out in chapter 63, subchapter C, sections 6221 through 6233, are "(except to the extent modified or made inapplicable in regulations) hereby extended *120 to and made applicable to subchapter S items". Section 6231(a)(1)(B) provides generally that "small" partnerships are excepted from the unified audit and litigation procedures applicable to partnerships. A "small" partnership is defined in section 6231(a)(1)(B) as any partnership having 10 or fewer partners, each of whom is a natural person or an estate, if each partner's share of each partnership item is the same as his share of every other item. On January 27, 1987, respondent issued temporary regulations that provided that, where an S corporation consisted of five or fewer shareholders, each of whom is a natural person or an estate, the tax treatment of the corporation would not be determined at the corporate level. Thus, such S corporations are excepted from the unified subchapter S audit and litigation procedures. The temporary regulations, however, are applicable to a taxable year of an S corporation only if the due date for such corporation's tax return for that year is on or after January 30, 1987. Sec. 301.6241-1T(c)(2)(i), Temporary Proced. and Admin. Regs., (Jan. 30, 1987). In this case the corporation's 1985 tax year *121 is at issue, and the return for that year was not due on or after January 30, 1987. Therefore, the temporary regulation does not apply. In , a case that involved the 1984 tax year of an S corporation having four shareholders, this Court held that no small S corporation exception to the unified S corporation procedures existed before January 30, 1987, the effective date of the temporary regulation. [3] The holding of this Court in , governs the disposition of this case. Since the temporary regulation was not in effect for the year at issue, the corporation is not excepted from the unified subchapter S audit and litigation procedures. *122 Petitioner contends, erroneously, that the Eastern Casualty Agency, Inc. case has been overruled by . The taxpayer in the Bufferd case was a shareholder in a subchapter S corporation. The Internal Revenue Service (IRS) made certain adjustments to the loss and a tax credit that the taxpayer claimed on his 1979 individual income tax return as flow-through items from the subchapter S corporation. The taxpayer in the Bufferd case consented to the extension of the period of limitations with respect to his individual tax year, and the IRS timely issued the notice of deficiency, which included adjustments to the flow-through items. The IRS did not obtain consent from the S corporation to extend the period of limitations for the corporation's tax year. The taxpayer in , contended that, because the period of limitations for assessing any tax owed by the S corporation had expired, the IRS was barred from making an assessment of any deficiency in his own taxes arising from a disallowance of the flow-through items on his *123 individual return. The Supreme Court rejected that argument and held that the period of limitations for assessing taxes of the shareholder ran from the date his return was filed, and not the date the return of the corporation was filed. , is inapplicable here because the unified subchapter S procedures were enacted by the Subchapter S Revision Act of 1982, Pub. L. 97-354, 96 Stat. 1691-1692, effective for tax years beginning after December 31, 1982. The S corporation in , was not subject to the unified audit and litigation procedures of Tax Equity and Financial Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324 for its 1979 year. In this case, the corporation is subject to the unified audit and litigation procedures. Moreover, under section 6229(d), as made applicable by section 6244, the period of limitations for assessing a deficiency in petitioner's income tax attributable to an S corporation item is suspended until such time as the decision in this case becomes final and for 1 year thereafter. Thus, the Court holds, that, with respect to *124 the corporation's 1985 tax year, the FSAA was valid, and the corporation is not excepted as a "small" corporation from the unified subchapter S audit and litigation procedures. Therefore, this Court has jurisdiction over the petition, and petitioner having raised no dispute as to the merits of the adjustments in the FSAA, those adjustments are sustained. Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In , affd. without published opinion sub nom. , the 1982, 1983, 1985, and 1986 tax years of the Browns were at issue. Eloise S. Brown invested in the Albatrick promotion on July 1, 1983. On their 1983 return, the Browns reported their income and expenses attributable to the Albatrick promotion as a Schedule C trade or business activity. The Browns' 1984 tax year was not before the Court in the Brown case. The Browns' 1985 tax year was before the Court in the Brown case; however, the Albatrick investment was not before the Court because Albatrick, Inc., was considered by respondent as subject to the unified subchapter S audit and litigation procedures of secs. 6241-6245. This case, therefore, addresses the merits of that investment with respect to all shareholders of Albatrick, Inc., including the Browns, for the 1985 tax year pursuant to the unified subchapter S audit and litigation procedures of secs. 6241-6245. Although the Browns' 1986 tax year was before the Court in the Brown↩ case, the Browns reported no income or expenses relating to Albatrick, Inc., on their 1986 income tax return.
3. In , the Court declined to follow , revg. and remanding an unreported order of this Court. In Arenjay, the Fifth Circuit Court of Appeals held that an S corporation with fewer than 10 shareholders, with respect to a tax year for which a return was due before Jan. 30, 1987, was entitled to exclusion from the unified subchapter S audit and litigation procedures irrespective of the issuance of regulations by the Treasury. The instant case is not appealable to the Fifth Circuit but to the Third Circuit, where there is to our knowledge no authority in point. The Tenth and Eleventh Circuits have expressed disagreement with Arenjay and agreement with the reasoning and conclusion of Eastern States↩. ; .