T.C.  Memo. 1998-175


UNITED STATES TAX COURT


CHESAPEAKE OUTDOOR ENTERPRISES, INC., ABEL TRUST,
JOHN E. MAGEE, JR., TRUSTEE, TAX MATTERS PERSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21830-96.                    Filed May 12, 1998.


        C, an S corporation subject to the unified audit
and litigation provisions of the Subchapter S Revision
Act of 1982, Pub. L. 97-354, sec. 4(a), 96 Stat. 1691-
1692, was insolvent within the meaning of sec.
108(d)(3), I.R.C., during its TYE Mar. 19, 1992.  In
that year, C realized cancellation of indebtedness
(COD) income of approximately $995,000.  Sec.
61(a)(12), I.R.C.  In accordance with sec. 108(a),
I.R.C., C excluded from its gross income the entire
amount of COD income realized in that year.  C asserts
that such income is exempt from tax, and also that the
characterization of such income is not a subchapter S
item to which the FSAA relates for purposes of
conferring jurisdiction under sec. 6226(f), I.R.C.

        R concedes that any proposed adjustment to
shareholder basis is inappropriate at the corporate
level.  See Nelson v. Commissioner, 110 T.C. 114
(1998).

1. <u>Held</u>: The characterization of COD income is a subchapter S item to which the FSAA relates, and is therefore properly determined by this Court in an S corporation proceeding. Secs. 6226(f), 6241, 6244, 6245, I.R.C.; sec. 301.6245-1T(a)(1)(iv) and (b), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003-3004 (Jan. 30, 1987). Accordingly, this Court has jurisdiction to hear this case. <u>Clovis I v. Commissioner</u>, 88 T.C. 980, 982 (1987), applied.

2. <u>Held</u>, <u>further</u>, excluded COD income of an S corporation does not qualify as a separately stated item of tax-exempt income for purposes of sec. 1366(a)(1)(A), I.R.C. <u>Nelson v. Commissioner</u>, <u>supra</u>, followed.

<u>James R. O'Neill</u> and <u>John B. Spirtos</u>, for petitioner.[*]

<u>Bettie N. Ricca</u> and <u>Kathleen E. Whatley</u>, for respondent.


MEMORANDUM OPINION

NIMS, <u>Judge</u>: By Notice of Final S Corporation Administrative Adjustment (FSAA), respondent determined a $317,583 adjustment to the S corporation return of income filed by Chesapeake Outdoor Enterprises, Inc. (Chesapeake) for its taxable year ending (TYE) March 19, 1992. Respondent further determined an adjustment to Chesapeake's shareholders' aggregate stock basis in the amount of $995,000.

---

* Subsequent to the briefing of this case, <u>James C. Diana</u>, Esq., withdrew as counsel of record in this case.

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the remaining issues for decision are: (1) Whether we have jurisdiction in this case, and, if so, (2) whether cancellation of debt (COD) income excluded from the gross income of an S corporation pursuant to section 108(a) qualifies as a separately stated item of tax-exempt income for purposes of section 1366(a)(1)(A).

This case was submitted fully stipulated. The Stipulation of Facts and attached exhibits, and the Stipulation of Agreed Adjustments, are incorporated herein by this reference. Chesapeake maintained its principal place of business at 519 West Pratt Street, Baltimore, Maryland, at the time the petition for readjustment was filed.

## Background

Chesapeake was incorporated on February 9, 1989, under Delaware law. During the relevant period, Chesapeake was engaged in the business of maintaining and renting outdoor billboards. Chesapeake filed its income tax returns on a calendar year basis. During the year at issue, Chesapeake was an S corporation within the meaning of section 1362(a), with three shareholders, including Abel Trust (petitioner), the tax matters person.

On March 23, 1989, Chesapeake entered into a credit agreement with Chase Manhattan Bank, N.A. (Chase Manhattan), pursuant to which Chase Manhattan agreed to make loans to Chesapeake from time to time in an aggregate principal amount not to exceed $14,100,000. A general security agreement and a promissory note were also executed on that date between Chesapeake and Chase Manhattan in connection with the borrowings under the credit agreement. Chesapeake borrowed a total of $13,424,443.37 from Chase Manhattan under the credit agreement.

During 1989, Chesapeake acquired certain assets of Tec Media, Inc. (Tec Media). As part of the consideration for this purchase, Chesapeake issued a note to Tec Media in the amount of $506,000.

Chesapeake subsequently defaulted on its debt to both Chase Manhattan and Tec Media. The defaults occurred prior to, and were continuing on, August 7, 1991. On that date, Chase Manhattan terminated its commitment under the terms of the credit agreement and demanded that Chesapeake immediately pay the outstanding principal amount of $13,424,443, together with all interest thereon, as well as any other amounts payable under the credit agreement and promissory note.

On January 14, 1992, a judgment in favor of Chase Manhattan as plaintiff, and against Chesapeake as defendant, was entered by the Supreme Court of the State of New York, New York County, in the amount of $15,513,914.87. As of March 19, 1992, Chesapeake

was indebted to Chase Manhattan for $13,424,443.37 in principal and $2,481,720.46 in interest, for a total of $15,906,163.83.

Pursuant to an Amended and Restated Credit Agreement (amended agreement) dated March 19, 1992, between Chesapeake, Chase Manhattan, and Tec Media, Chesapeake's indebtedness to Chase Manhattan and Tec Media was restructured.  Chesapeake was released from indebtedness to Chase Manhattan in the amount of $906,163.83.  In addition, Chesapeake was released from indebtedness to Tec Media in the amount of $6,000, plus accrued and unpaid interest, for a total of approximately $88,815.

As of January 1, 1992, Chesapeake had total assets of $10,858,689, and total liabilities of $16,139,334.  Chesapeake was insolvent, within the meaning of section 108(d)(3), immediately prior to the discharge of its indebtedness pursuant to the amended agreement.  The total amount of Chesapeake's discharged indebtedness (approximately $995,000) did not exceed the amount by which Chesapeake was insolvent.

On March 20, 1992, Chase Manhattan acquired ownership of Chesapeake in accordance with the terms of the amended agreement, and Chesapeake's status as an S corporation was thereafter terminated.  Accordingly, Chesapeake filed a short-year Form 1120S, U.S. Income Tax Return for an S Corporation, for the period ending March 19, 1992.

Chesapeake reported its excluded COD income on line 18, Other tax-exempt income, of the Schedule K, Shareholders' Share

of Income, Credits, Deductions, Etc., and Schedules K-1, Shareholder's Share of Income, Credits, Deductions, Etc., attached to its return for the year in issue.

On July 15, 1996, respondent issued an FSAA with respect to Chesapeake's TYE March 19, 1992. Respondent disallowed deductions for accrued interest expenses in the amount of $317,583 forgiven by Chase Manhattan and Tec Media in the same year as the accrual. Furthermore, under the heading "Other Adjustment: Basis of Shareholders", respondent determined an adjustment to the shareholders' aggregate basis in Chesapeake stock in the amount of $995,000. In "Remarks" included on the Schedule of Adjustments, respondent stated that

> The discharge of indebtedness income that is excluded from gross income under section 108(a) * * * does not pass through to the Subchapter S Corporation's shareholders as a separately stated item of tax-exempt income under section 1366(a)(1). Accordingly, the shareholders' stock basis under Section 1367 is not increased.

Petitioner timely filed a petition for readjustment of subchapter S items on October 9, 1996.

Pursuant to a Stipulation of Agreed Adjustments filed on September 29, 1997, petitioner conceded the correctness of respondent's adjustment relating to the disallowed deductions for accrued interest expenses. On brief, respondent conceded that the proposed adjustment to Chesapeake's shareholders' stock basis was inappropriate at the corporate level.

## Discussion

As previously stated, respondent has conceded that the adjustment to shareholder basis was inappropriate at the shareholder level. Consequently, the remaining issues are: (1) Whether we have jurisdiction to decide this case, and, if so, (2) whether COD income excluded from the gross income of an S corporation pursuant to section 108(a) qualifies as a separately stated item of tax-exempt income for purposes of section 1366(a)(1)(A).

The question of jurisdiction is fundamental and can be raised at any time by either party or by the Court. Naftel v. Commissioner, 85 T.C. 527, 530 (1985); Estate of Young v. Commissioner, 81 T.C. 879, 880-881 (1983). We have jurisdiction to determine whether we have jurisdiction. Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Kluger v. Commissioner, 83 T.C. 309, 314 (1984).

In the instant case, our jurisdiction turns on whether the unified subchapter S audit and litigation provisions in effect for the year at issue, set forth at sections 6241 through 6245, are applicable. (Sections 6241 through 6245 were repealed by the Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1307(c)(1), 110 Stat. 1755, 1781, for tax years beginning after December 31, 1996.) If not, we must dismiss this case for lack of jurisdiction. See Albatrick, Inc. v. Commissioner, T.C. Memo. 1995-119.

The S corporation audit and litigation procedures were enacted by Congress in 1982 in order to provide a method for the unified treatment of subchapter S items among shareholders. Subchapter S Revision Act of 1982, Pub. L. 97-354, sec. 4(a), 96 Stat. 1691-1692; see Dial USA, Inc. v. Commissioner, 95 T.C. 1, 3 (1990). A subchapter S item is defined as "any item of an S corporation to the extent regulations prescribed by the Secretary provide that, for purposes of * * * [subtitle F of the Code (Procedure and Administration)], such item is more appropriately determined at the corporate level than at the shareholder level." Sec. 6245. Pursuant to section 301.6245-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987), subchapter S items are those "items which are required to be taken into account for the taxable year of an S corporation under subtitle A of the Code". See University Heights at Hamilton Corp. v. Commissioner, 97 T.C. 278, 281 (1991). Section 301.6245-1T(a)(1) and (b), Temporary Proced. & Admin. Regs., supra, more specifically defines subchapter S items, in part, as follows:

(1) The S corporation aggregate and each shareholder's share of, and any factor necessary to determine, each of the following:

* * * * * * *

(iv) Items of income of the corporation that are exempt from tax;

* * * * * * *

(b) Factors that affect the determination of subchapter S items. The term "subchapter S item"

includes the accounting practices and the legal and
factual determinations that underlie the determination
of the existence, amount, timing, and characterization
of items of income, credit, gain, loss, deduction, etc.
* * *

Except as otherwise provided by regulations, the tax

treatment of subchapter S items must be determined in one unified

proceeding at the corporate level as opposed to individual

proceedings at the shareholder level.  Sec. 6241; Eastern States

Cas. Agency, Inc. v. Commissioner, 96 T.C. 773, 775 (1991).

The Subchapter S Revision Act of 1982 was enacted shortly

after the Tax Equity and Fiscal Responsibility Act of 1982, Pub.

L. 97-248, 96 Stat. 324, which added the partnership audit and

litigation procedures (sections 6221 through 6233) to the Code.

Section 6244 provides that, except to the extent modified or made

inapplicable by regulations, the partnership provisions which

govern the judicial determination of partnership items and those

that relate to partnership items are generally made applicable to

subchapter S items.  Eastern States Cas. Agency, Inc. v.

Commissioner, supra at 775-776; Hang v. Commissioner, 95 T.C. 74,

78 (1990).  The partnership provisions concerning judicial

review, sections 6226 through 6228, are applicable to S

corporations.  Hang v. Commissioner, supra at 79.

Section 6226(f) provides in pertinent part as follows:

Scope of Judicial Review.--A court with which a
petition is filed in accordance with this section shall
have jurisdiction to determine all partnership items of
the partnership for the partnership taxable year to

which the notice of final partnership administrative adjustment relates * * *.

Section 301.6241-1T(c)(2)(ii), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987), creates an exception to the unified procedures for certain S corporations having 5 or fewer shareholders for any taxable year of an S corporation having a due date for its return on or after January 30, 1987. However, the small S corporation exception does not apply where, as here, any of an S corporation's shareholders is a trust. Primco Management Co. v. Commissioner, T.C. Memo. 1997-332; sec. 301.6241-1T(c)(2)(iii), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987).

Although respondent has conceded that shareholder basis is not a subchapter S item over which this Court has jurisdiction in a corporate-level proceeding, see Dial USA, Inc. v. Commissioner, supra, respondent nevertheless maintains that the foregoing concession does not alter the fact that Chesapeake erroneously characterized its excluded COD income as an item of separately stated tax-exempt income on its return for the year at issue. Respondent contends that the characterization of such an item of income is a subchapter S item pursuant to section 6245 to which the FSAA relates, which may only be determined by this Court in a unified proceeding under section 6226(f).

Petitioner does not dispute that an adjustment to the characterization of excluded COD income on Chesapeake's return

constitutes a subchapter S item.  Rather, petitioner maintains that respondent did not propose any such adjustment in the FSAA. In the alternative, petitioner argues that respondent's position that COD income is tax-deferred rather than tax-exempt "creates a distinction without a difference" for purposes of the subchapter S conduit rules, and that a "question as important as whether this Court has jurisdiction over a case cannot turn on a distinction that has no bearing on the substantive application of the Code."

Notwithstanding petitioner's principal claim, we think that respondent determined an adjustment in the FSAA to the character of the COD income reported on Chesapeake's return.  The Notice of Adjustment states in "Remarks" included in the FSAA that "The discharge of indebtedness income * * * does not pass through to the Subchapter S Corporation's shareholders as a <u>separately stated item of tax-exempt income</u> under section 1366(a)(1)." (Emphasis added.)  We think that this statement suffices to confer jurisdiction, even though the principal thrust of the FSAA appears to be an erroneous corporate-level denial of basis adjustment to shareholders.  In <u>Clovis I v. Commissioner</u>, 88 T.C. 980, 982 (1987), we stated that "Because of the similar functions of the FPAA and the statutory notice of deficiency, we are convinced that the long established principle applicable to notices of deficiency, viz, that no particular form is necessary, should apply with equal force to a FPAA."  An adjustment to the

characterization of excluded COD income is more appropriately determined at the S corporation level than at the shareholder level and is, therefore, a subchapter S item subject to the unified audit and litigation procedures. Sec. 6245; sec. 301.6245-1T(a)(1)(iv) and (b); see, e.g., <u>Michaelis Nursery, Inc. v. Commissioner</u>, T.C. Memo. 1995-143 (indicating that the proper characterization of payments as advance payments or refundable deposits is a subchapter S item).

Finally, we do not find petitioner's alternative argument convincing. See <u>University Heights at Hamilton Corp. v. Commissioner</u>, 97 T.C. at 282. In <u>University Heights</u>, we held that, once an S corporation has received a valid FSAA as required by section 6223, and filed a timely petition as required by section 6226 "the scope of our judicial review allows us to determine <u>all</u> subchapter S items of the corporation * * * to which the notice of FSAA relates". <u>Id.</u> (Emphasis added.) Based on the above, we hold that we have jurisdiction in this proceeding to review the correctness of respondent's determination that Chesapeake's excluded COD income is not a separately stated item of tax-exempt income for purposes of section 1366(a)(1)(A). Secs. 6226(f), 6241, 6244.

Since the opening and reply briefs were filed in this case, <u>Nelson v. Commissioner</u>, 110 T.C. 114 (1998) (Court-Reviewed), has been released. (By Order, we requested the parties to file

additional briefs addressing the applicability, if any, of Nelson.)

In Nelson, a shareholder-level case, we held that COD income realized and excluded from gross income under section 108(a) does not pass through to shareholders of a subchapter S corporation as an item of income in accordance with section 1366(a)(1) so as to enable an S corporation shareholder to increase the basis of his stock under section 1367(a)(1). Nelson v. Commissioner, supra at 130. We held in that case that section 108 is not designed or intended to be a permanent exemption from tax. Excluded COD income is not "tax-exempt" pursuant to section 1366(a)(1) and, thus, is not statutorily required to pass through to the S corporation shareholders. Id. at 125.

We see no need to repeat our detailed exegesis on this issue contained in Nelson v. Commissioner, supra. We simply hold, following Nelson, that the COD income in the amount of $995,000 which was excluded from gross income under section 108(a) by Chesapeake on its return for TYE March 19, 1992, is not a separately stated item of tax-exempt income for purposes of section 1366(a)(1)(A).

We have considered the parties' remaining arguments and, to the extent they are not discussed herein, find them to be either not germane or unconvincing.

To reflect the foregoing and issues previously conceded,

- 14 -

<u>Decision will be entered under Rule 155</u>.