116 T.C. No. 1

UNITED STATES TAX COURT

COLORADO GAS COMPRESSION, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17251-98.                    Filed January 2, 2001.

    P became an S corp. in 1988, a C corp. in 1989,
and an S corp. in 1994.  In 1994, 1995, and 1996,
petitioner sold assets which had accrued gain prior to
the 1994 conversion from C to S corp. status.
    <u>Held</u>:  The transition rule of sec. 633(d) of the
Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2278,
relating to a corp. which, pursuant to its most recent
election, became an S corp. before 1989, is not
applicable to P's 1994, 1995, and 1996 taxable years.

<u>Carl Garold Sims</u>, for petitioner.

<u>Frederick J. Lockhart, Jr.</u>, for respondent.

OPINION

FOLEY, <u>Judge</u>:  By notice dated July 28, 1998, respondent determined deficiencies of $52,073, $709,939, and $161,037 relating to petitioner's 1994, 1995, and 1996 Federal income taxes, respectively.  The parties submitted this case fully stipulated pursuant to Rule 122.  Unless otherwise indicated, all section references are to the Internal Revenue Code for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  After concessions, the issue is whether section 633(d) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2278 (TRA), is applicable to the years in issue when petitioner, in 1989, revoked, and, in 1994, regained, its S corporation status.

## Background

Petitioner, a corporation with one shareholder, was incorporated in 1977 and, from that year through 1988, filed tax returns as a C corporation.  It had its principal place of business in Longmont, Colorado, when the petition was filed.  On February 1, 1988, petitioner made a valid election to be an S corporation, as defined by section 1361(a)(1).  On that date, petitioner had assets with unrealized gain, and earnings and profits, accrued during the period when petitioner was a C corporation.  These assets included securities and interests in real estate and oil and gas partnerships.  Since February 1,

1988, the value of petitioner's stock has not exceeded $5 million.

Effective December 1, 1989, petitioner revoked its S election. From that date through 1993 (i.e., 1 short taxable year and 4 calendar years), petitioner filed returns as a C corporation.

Effective January 1, 1994, petitioner again made a valid election to be an S corporation. During the years in issue, petitioner sold assets which, except for certain partnership interests, were acquired prior to 1988.

## Discussion

Prior to the enactment of the TRA, section 1374 imposed a tax on capital gain recognized by an S corporation within 3 years after making a section 1362(a) election. See sec. 1374(a), (c)(1), prior to amendment by TRA (prior sec. 1374). As amended by the TRA, section 1374 imposes a tax on an S corporation's built-in gain recognized during a 10-year period beginning with "the 1st taxable year for which the corporation was an S corporation." Sec. 1374(a), (d)(7). Section 1374(d)(9), as amended, states: "Any reference in this section to the 1st taxable year for which the corporation was an S corporation shall be treated as a reference to the 1st taxable year for which the corporation was an S corporation pursuant to its most recent election under section 1362." "Built-in" gain is the increase in

asset value accrued prior to conversion from C to S corporation status.  H. Conf. Rept. 99-841 (Vol. II), at II-203 (1986), 1986-3 C.B. (Vol. 4) 1, 203; see also sec. 1374(d)(3)(B).

I.   Transition Rule

The TRA provides a transition rule applicable to certain small corporations with values of up to $10 million (i.e., qualified corporations).  See TRA sec. 633(d).  The TRA section 633(d) transition rule states, in paragraph (1), that "the amendments made by this subtitle shall not apply to the applicable percentage of each gain or loss which (but for this paragraph) would be recognized * * * by reason of the amendments made by this subtitle."  TRA sec. 633(d)(1), as amended by Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, sec. 1006(g)(3), 102 Stat. 3407.  The transition rule further states that "Paragraph (1) shall not apply to" ordinary and short-term capital gains.  TRA sec. 633(d)(2), 100 Stat. 2279.  Thus, the transition rule provides that, if a qualified corporation sells assets, long-term capital gain is subject to prior section 1374, while ordinary and short-term capital gains are subject to section 1374, as amended.  See TRA sec. 633(d)(1), (d)(2).

The transition rule is applicable "in the case of a qualified corporation which makes an election to be an S corporation under section 1362 * * * before January 1, 1989,

without regard to whether such corporation is completely liquidated." TRA sec. 633(d)(8), 100 Stat. 2280, as amended by TAMRA sec. 1006(g)(7), 102 Stat. 3409. The rule is also applicable to certain complete liquidations of qualified corporations prior to 1989. See TRA sec. 633(d)(1).

II. Analysis

Petitioner contends that the transition rule, pursuant to TRA section 633(d)(8), is applicable. Petitioner further contends that capital gain accrued during the years in issue is not subject to prior section 1374, because the relevant S election occurred in 1988, and the assets were sold more than 3 years after such election. Respondent contends that section 1374, as amended, is applicable, because petitioner became an S corporation again in 1994.

The relevant provisions of section 1374, as amended by TRA section 632, are clear and unambiguous. See Huntsberry v. Commissioner, 83 T.C. 742, 747-748 (1984)(stating that where a statute is clear on its face, we require unequivocal evidence of legislative purpose before construing the statute so as to override the plain meaning of the words used therein). Section 1374, as amended, is applicable to the 10-year period after an S corporation's "most recent election". Sec. 1374(d)(9).

Petitioner contends that there is no provision in the transition rule, or section 1374, as amended, making section

1374(d)(9), as amended, applicable if a qualified corporation withdraws its S election.  Respondent concedes that petitioner "made a valid election" to be an S corporation before 1989. Respondent, however, contends that, pursuant to section 1374(d)(9), as amended, petitioner's "most recent election" (i.e., 1994 S election) is the election to which section 1374, as amended, refers.  Consequently, respondent contends that section 1374, as amended, "by its own literal terms", is applicable to petitioner's 1994, 1995, and 1996 taxable years.  We agree.

In 1989, when petitioner became a C corporation, the transition rule became inapplicable.  In 1994, petitioner made an S election, and thus became subject to section 1374, as amended, and in effect that year.  TRA section 633(d)(8) is applicable in the case of an S election before January 1, 1989, while section 1374, as amended, is applicable to entities electing S corporation status after December 31, 1988.  In determining the applicability of section 1374, as amended, section 1374(d)(9), as amended, explicitly directs us to petitioner's "most recent" S corporation election (i.e., petitioner's 1994 election).  Our holding is a straightforward application of section 1374, as amended, to petitioner's 1994, 1995, and 1996 taxable years.  We also note that our holding is consistent with the legislative history accompanying TRA section 633.  See H. Conf. Rept. 99-841 (Vol. II), supra at II-198 to II-207, 1986-3 C.B. (Vol. 4) at

198-207.  Accordingly, the TRA section 633(d) transition rule is not applicable to petitioner's years in issue.

Contentions we have not addressed are moot, irrelevant, or meritless.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.