117 T.C. No. 15


UNITED STATES TAX COURT


NEW YORK FOOTBALL GIANTS, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8563-00.                    Filed October 30, 2001.


        Respondent (R) sent petitioner (P), an S
corporation, a notice of deficiency in which R
determined that P was subject to the built-in gains tax
under sec. 1374, I.R.C., for payments P received in
fiscal years 1996, 1997, and 1998.  R issued no notice
of final S corporation administrative adjustment to P
for fiscal years 1996 or 1997.

        R contends that the notice of deficiency is
invalid as to fiscal years 1996 and 1997 and prohibited
by secs. 6225 and 6244, I.R.C., for those years because
the built-in gains tax is a subchapter S item, sec.
301.6245-1T, Temporary Proced. & Admin. Regs., 52 Fed.
Reg. 3003 (Jan. 30, 1987), that must be determined in a
unified audit and litigation procedure for an S
corporation.

        P contends that the built-in gains tax is not a
subchapter S item and that sec. 301.6245-1T, Temporary
Proced. & Admin. Regs., is invalid.

Held: Sec. 301.6245-1T, Temporary Proced. & Admin. Regs., is valid.

Held, further, the built-in gains tax imposed under sec. 1374, I.R.C., is a subchapter S item that must be determined in a unified audit and litigation procedure for an S corporation.

Michael A. Guariglia, for petitioner.

Julia A. Cannarozzi, for respondent.

OPINION

COLVIN, Judge: Respondent determined that petitioner is liable for built-in gains tax of $574,000 for fiscal year 1996,[1] $914,334 for fiscal year 1997, and $220,156 for fiscal year 1998, and for accuracy-related penalties under section 6662(a) of $114,800 for fiscal year 1996, $182,867 for fiscal year 1997, and $44,031 for fiscal year 1998. Petitioner has been an S corporation since 1993.

This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction as to fiscal years 1996 and 1997.

Respondent contends that the notice of deficiency is invalid as to fiscal years 1996 and 1997 and prohibited by sections 6225 and 6244 for those years because the proposed built-in gains tax for which respondent determined petitioner is liable under

---

[1] Petitioner used a fiscal year ending Feb. 29, 1996, and Feb. 28, 1997 and 1998.

section 1374 for fiscal years 1996 and 1997 is a subchapter S item that must be determined in a unified audit and litigation procedure for an S corporation. Petitioner contends that the built-in gains tax is not a subchapter S item. As discussed below, we agree with respondent.

Section references are to the Internal Revenue Code, unless otherwise indicated.

## Background

Petitioner is a corporation the principal place of business of which was in East Rutherford, New Jersey. Petitioner was incorporated in 1929 and owns and operates the New York Giants, a professional football franchise in the National Football League (NFL).

In 1990, the NFL began exploring the possibility of expansion and began considering various franchise applications.

Petitioner elected on March 1, 1993, to be treated as an S corporation under section 1361(a)(1). Later in 1993, the NFL awarded new franchises to Charlotte and Jacksonville. The expansion agreements required the new franchises to pay expansion payments (in six installments) to petitioner and the member teams of the NFL.

Petitioner reported its share of the NFL expansion payments as capital gains (not subject to the built-in gains tax imposed

on S corporations by section 1374[2]) on its S corporation tax returns (Forms 1120S, U.S. Income Tax Returns for an S Corporation) for fiscal years 1996, 1997, and 1998.

Respondent sent petitioner a notice of deficiency in which respondent determined that petitioner was subject to the built-in gains tax under section 1374 for the expansion payments petitioner received in fiscal years 1996, 1997, and 1998. As of the time respondent filed the motion to dismiss, respondent had issued no notice of final S corporation administrative adjustment (FSAA) to petitioner for fiscal year 1996 or 1997.[3]

Discussion

A.   Respondent's Motion To Dismiss for Lack of Jurisdiction

Respondent contends that the notice of deficiency was invalid and that we lack jurisdiction as to petitioner's fiscal years 1996 and 1997 because the proposed built-in capital gains adjustments to petitioner's 1996 and 1997 returns were subchapter S items that must be determined in a unified audit and litigation proceeding. The adjustments to petitioner's fiscal years 1996,

---

[2]   Sec. 1374 imposes a corporate level tax on the recognized built-in gains of an S corporation that has converted from C corporation to S corporation status. See discussion pp. 6-7, below.

[3]   The S corporation audit and litigation procedures (secs. 6241 through 6245) were repealed, effective for tax years beginning after Dec. 31, 1996, by the Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1307(c)(1), 110 Stat. 1781. Thus, petitioner's fiscal year 1998 is not affected by those procedures.

1997, and 1998 arise from respondent's determination that petitioner is liable for the section 1374 built-in gains tax for franchise payments it received in those years.

Petitioner contends that the built-in gains tax is not a subchapter S item and that section 301.6245-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987), which defines a subchapter S item to include the section 1374 built-in gains tax, is invalid. As discussed next, we agree with respondent.

B.   Subchapter S Unified Audit and Litigation Procedures

The S corporation audit and litigation procedures, sections 6241–6245, were enacted to provide a method for unified treatment of subchapter S items among the shareholders. Subchapter S Revision Act of 1982, Pub. L. 97-354, sec. 4(a), 96 Stat. 1691; see S. Rept. 97-640, at 25 (1982), 1982-2 C.B. 718, 729; see also Katz v. Commissioner, 116 T.C. 5, 12 n.7 (2001); Hang v. Commissioner, 95 T.C. 74, 77-78 (1990).

A subchapter S item is any item of an S corporation to the extent regulations provide that the item is more appropriately determined at the corporate level than at the shareholder level. Sec. 6245; Dial U.S.A., Inc. v. Commissioner, 95 T.C. 1, 4 (1990). The correct tax treatment of subchapter S items is determined in a unified proceeding at the corporate level rather than in separate actions against each shareholder. Secs. 6241 and 6242; Univ. Heights at Hamilton Corp. v. Commissioner, 97

T.C. 278, 280-281 (1991); <u>Maxwell v. Commissioner</u>, 87 T.C. 783 (1986); <u>Allen Family Food, Inc. v. Commissioner</u>, T.C. Memo. 2000-327; see S. Rept. 97-640, at 25 (1982), 1982-2 C.B. 718, 729.

No FSAA was issued to petitioner or to its shareholders. Thus, if the built-in gains tax is a subchapter S item, as respondent contends, the notice of deficiency is invalid to the extent it relates to that item for petitioner's fiscal years 1996 and 1997.

C.   The Built-In Gains Tax

Section 1374 imposes a corporate level tax on an S corporation's built-in gain recognized during the 10-year period beginning with the first taxable year for which the corporation was an S corporation.  Sec. 1374(a), (d)(3), (7).  Built-in gain is measured by the appreciation in value of any asset over its adjusted basis as of the time a corporation converts from C to S status.  H. Conf. Rept. 99-841 (Vol. II), at II-203 (1986), 1986-3 C.B. (Vol. 4) 1, 203; see also sec. 1374(d)(3)(B); <u>Colo. Gas Compression, Inc. v. Commissioner</u>, 116 T.C. 1, 2-3 (2001); <u>Coggin Auto. Corp. v. Commissioner</u>, 115 T.C. 349, 363 (2000).  An S corporation is liable for the built-in gains tax on the disposition of any asset except to the extent that it establishes that it did not own the asset on the day it converted from C to S status, or the fair market value of the asset was less than its adjusted basis on the first day of the first taxable year for

which it was an S corporation.  Sec. 1374(d)(3).

D.    Petitioner's Contentions

Section 6245 provides that "the term 'subchapter S item'
means any item of an S corporation to the extent regulations
prescribed by the Secretary provide that * * * such item is more
appropriately determined at the corporate level than at the
shareholder level."  Section 301.6245-1T(a)(1)(vi)(G), Temporary
Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987),[4]
defines subchapter S items to include taxes that are imposed at

--------

[4]  Sec. 301.6245-1T, Temporary Proced. & Admin. Regs., 52
Fed. Reg. 3003 (Jan. 30, 1987), defines subchapter S items, in
part, as follows:

> Sec. 301.6245-1T subchapter S items.  (a) In
> general.  For purposes of subtitle F of the Internal
> Revenue Code of 1986, the following items which are
> required to be taken into account for the taxable year
> of an S corporation under subtitle A of the Code are
> more appropriately determined at the corporate level
> than at the shareholder level and, therefore, are
> subchapter S items:
>
> (1) The S corporation aggregate and each
> shareholder's share of, and any factor necessary to
> determine, each of the following:
>
> *      *      *      *      *      *      *
>
> (vi) Other amounts determinable at the corporate
> level with respect to corporate assets, investments,
> transactions, and operations necessary to enable the S
> corporation or the shareholders to determine--
>
> *      *      *      *      *      *      *
>
> (G) The taxes imposed at the corporate
> level, such as the taxes imposed under secs.
> 56, 1374, or 1375; ***
> [Emphasis added.]

the corporate level, specifically including the section 1374 built-in gains tax.

Petitioner contends that the regulation is invalid because it subjects the corporate entity to unified audit and litigation procedures. Petitioner contends in the alternative that the section 1374 tax is not a subchapter S item of the corporation but rather an S item of the shareholders. To support this, petitioner contends that the built-in gains tax is a subchapter S item only to the extent it affects (i.e., reduces) the share of net income passed through to each of the S corporation's shareholders.

E. Whether Sec. 301.6245-1T, Temporary Proced. & Admin. Regs., Is Invalid

Section 301.6245-1T, Temporary Proced. & Admin. Regs., supra, was promulgated pursuant to a specific grant of authority in section 6245. As a legislative regulation, it is entitled to greater deference than an interpretative regulation promulgated under the Secretary's general rulemaking power under section 7805(a), Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797-798 (1984), affd. 78 F.3d 795 (2d Cir. 1996), and is invalid only if it is arbitrary, capricious, or manifestly contrary to the statute, Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844 (1984).

Citing Goodson-Todman Enters., Ltd. v. Commissioner, 784 F.2d 66, 73-74 (2d Cir. 1986), affg. 84 T.C. 255 (1985),

petitioner contends that section 301.6245-1T, Temporary Proced. & Admin. Regs., <u>supra</u>, is invalid because it is illogical and inconsistent with the Internal Revenue Code.  Petitioner contends that Congress extended the Tax Equity & Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 324, rules only to the shareholders of an S corporation and not to the S corporation itself, and, thus, the regulation is contrary to the language of the Code.  Petitioner's claim misses the mark.

The regulation is consistent with the statutory scheme for unified audit and litigation procedures.  A subchapter S item is any item of a subchapter S corporation to the extent that regulations provide that the item is more appropriately determined at the corporate level than at the shareholder level. Sec. 6245.  The regulations provide that the taxes imposed at the corporate level, namely, taxes imposed under sections 56, 1374, and 1375, are subchapter S items because they are more appropriately determined at the corporate level.  The built-in gains tax of section 1374 is more appropriately determined at the corporate level because it relates to assets held by the corporation when it converted from a C to an S corporation.

Section 301.6245-1T(a)(1)(i), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987), also includes in the definition of subchapter S items the S corporation aggregate, and each shareholder's share of, items of loss of the corporation. The section 1374 tax is treated as a loss sustained by the S

corporation during the taxable year.  Sec. 1366(f)(2).[5]  Thus, the loss arising from the section 1374 tax is a subchapter S item under section 301.6245-1T(a)(1)(i), Temporary Proced. & Admin. Regs., supra.

Petitioner's contention that the regulation is illogical fails to meet the Chevron standard under which we invalidate a regulation if it is arbitrary, capricious, or contrary to the statute.  See also United States v. Mead Corp., 533 U.S. ___, ___, 121 S. Ct. 2164, 2171 (2001) ("administrative implementation of a particular statutory provision qualifies for Chevron deference when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority").  We reject petitioner's contention that section 301.6245-1T(a)(1)(vi)(G), Temporary Proced. & Admin. Regs., supra, is arbitrary, capricious, or manifestly contrary to section 6245.

F.   Conclusion

Under section 6245, as already noted, the unified audit and

---

[5]  Sec. 1366(f)(2) provides as follows:

(2) Treatment of tax imposed on built-in gains.– If any tax is imposed under section 1374 for any taxable year on an S corporation, for purposes of subsection (a), the amount so imposed shall be treated as a loss sustained by the S corporation during such taxable year.  The character of such loss shall be determined by allocating the loss proportionately among the recognized built-in gains giving rise to such tax.

litigation procedures apply to tax items of an S corporation that are more appropriately determined at the corporate level. Thus, only the tax items of the corporation constitute subchapter S items. S corporations are liable for certain corporate level taxes, including the section 1374 built-in gains tax. Since this tax is assessed against and paid directly by the S corporation, the shareholders of the corporation are not liable for the tax. Determinations whether the S corporation owned the appreciated asset on the first day of its first taxable year as an S corporation, and as to the fair market value and adjusted basis of the asset as of that time, are appropriately made at the corporate level and must be made before determining whether the built-in gains tax applies to the disposition of the asset. The section 1374 built-in gains tax is a subchapter S item because it is determined solely based on events at the corporate level (as opposed to an affected item or nonsubchapter S item that requires a factual determination at the shareholder level).

We conclude that the section 1374 built-in gains tax is a subchapter S item and that we lack jurisdiction in this proceeding to decide whether the tax applies for petitioner's

fiscal years 1996 and 1997.[6]  Accordingly, we will grant respondent's motion to dismiss and to strike as to petitioner's fiscal years 1996 and 1997.

In view of the foregoing,

<u>An appropriate order will be issued</u>.

---

[6]  Petitioner did not agree to extend the time to assess tax for fiscal year 1997; however, the tax matters person agreed on behalf of the shareholders to extend the time to assess tax for that year.  Petitioner filed a motion to dismiss for lack of jurisdiction as to fiscal year 1997, in which petitioner contends that respondent is barred from assessing a deficiency for fiscal year 1997 because respondent mailed the notice of deficiency more than 3 years after petitioner filed its fiscal year 1997 return.  Petitioner's motion follows from petitioner's contention that the built-in gains tax is not a subchapter S item, and, thus, respondent is barred from assessing a deficiency for fiscal year 1997 because the 3-year period for assessment of tax provided by sec. 6501 has expired.  Based on our holding that the built-in gains tax is a subchapter S item, the notice of deficiency for fiscal years 1996 and 1997 is invalid.  A notice of S corporation administrative adjustment (FSAA) should have been issued for those years.