T.C. Memo. 2002-126


UNITED STATES TAX COURT


KRP, INC., ROY G. JOHNSON, TAX MATTERS PERSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8174-00.                    Filed May 22, 2002.


    <u>Michael C. Wetzel</u>, <u>Joseph Michael Wetzel</u>, and <u>Russell A.</u>
<u>Sandor</u>, for petitioner.

    <u>Kay Hill</u>, for respondent.



                    MEMORANDUM OPINION


    VASQUEZ, <u>Judge</u>:  This case is before the Court on

petitioner's motion for partial summary judgment under Rule 121.[1]

_____

    [1] Unless otherwise indicated, all Rule references are to
the Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code in effect for the
year in issue.

The issues raised in the motion concern KRP, Inc.'s (KRP) liability for the built-in gains tax imposed pursuant to section 1374 for 1995.[2]

Background

KRP is a corporation organized and existing under the laws of the State of Alaska. KRP is a calendar year taxpayer. On July 1, 1985, KRP was incorporated. On July 1, 1992, KRP elected to be treated as an S corporation. During 1994 and 1995, this election remained in effect. At the time KRP made the S corporation election, it owned, among other things, two gas stations.

KRP mailed its 1994 and 1995 Federal income tax returns to the Internal Revenue Service (IRS) on September 15, 1995, and August 16, 1996, respectively. On its 1995 return, KRP reported a $494,576 gain on the sale of the gas stations, which it divided between ordinary gain ($212,903) and section 1231 gain ($281,673).

The IRS audited KRP's 1994 and 1995 returns. In connection with this audit, the IRS and KRP, via the tax matters person, entered into three consents on Forms 872-S, Consent to Extend the Time to Assess Tax Attributable to Items of an S Corporation, to extend the time to assess any Federal income tax attributable to

---

[2] The motion for partial summary judgment addresses only one of several issues petitioner raised in the petition.

subchapter S items of KRP.  These consents extended the periods
of assessment for 1994 and 1995 to June 30, 2000.  Additionally,
the IRS and KRP also entered into a consent on Form 872, Consent
to Extend the Time to Assess Tax, to extend the time to assess
any Federal income tax due on any return made by KRP.  This
consent extended the period of assessment for 1995 to June 30,
2000.

On April 24, 2000, the IRS sent KRP a notice of final S
corporation administrative adjustment (FSAA).[3]  The IRS did not
issue a statutory notice of deficiency for 1994 or 1995 to KRP.

Discussion

Petitioner moved for partial summary judgment on the issue
of whether KRP is liable for built-in gains tax imposed on KRP
pursuant to section 1374[4] (built-in gains tax) for 1995.

Rule 121(a) provides that either party may move for summary
judgment upon all or any part of the legal issues in controversy.
Summary judgment is intended to expedite litigation and avoid

---

[3] The S corporation audit and litigation procedures (secs. 6241 through 6245) were repealed, effective for tax years beginning after Dec. 31, 1996, by the Small Business Job Protection Act of 1996, Pub. L. 104-188, secs. 1307(c)(1), 1317(a), 110 Stat. 1781, 1787.

[4] Sec. 1374 imposes a corporate level tax on the recognized built-in gains of an S corporation that has converted from C corporation to S corporation status.  N.Y. Football Giants, Inc. v. Commissioner, 117 T.C. 152, 153 n.2, 155 (2001).

unnecessary and expensive trials.  Fla. Peach Corp. v.
Commissioner, 90 T.C. 678, 681 (1988).

Full or partial summary is appropriate "if the pleadings,
answers to interrogatories, depositions, admissions, and any
other acceptable materials, together with the affidavits, if any,
show that there is no genuine issue as to any material fact and
that a decision may be rendered as a matter of law."  Rule
121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520
(1992), affd. 17 F.3d 965 (7th Cir. 1994).  The moving party
bears the burden of proving that there is no genuine issue of
material fact, and factual inferences will be read in a manner
most favorable to the party opposing summary judgment.  Dahlstrom
v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v.
Commissioner, 79 T.C. 340, 344 (1982).

A.    Which Document Is the FSAA?

As an initial matter, the parties disagree about which
document is the FSAA.  Petitioner contends that the FSAA is the
six-page document attached to the motion for partial summary
judgment.  Respondent argues that the FSAA is the 67-page
document attached to the petition (67-page FSAA).

In paragraph 2 of the petition, petitioner asserted that "A
copy of the notice of final S corporation administrative

adjustment is attached and marked as exhibit A." The exhibit labeled "A" and attached to the petition is the 67-page FSAA.[5]

Petitioner has not sought to amend the petition. We conclude that petitioner has admitted that the 67-page FSAA is the FSAA in the case at bar and that petitioner is bound by that admission. Cf. Am. Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988). Accordingly, there is no material issue of fact as to which document is the FSAA in this case--it is the 67-page FSAA petitioner attached to the petition. Rule 121(b).

B.      What Issues Did Respondent Raise in the FSAA?

Petitioner contends that even if the FSAA is the 67-page FSAA, respondent did not determine that KRP is liable for the built-in gains tax in the FSAA. Respondent contends that he determined in the FSAA a built-in gains tax of $136,107 for 1995 as a subchapter S item.[6]

In the FSAA, respondent determined, among other things, that

---

[5] The 67-page FSAA is the only exhibit attached to the petition. Each page is stamped "EXHIBIT _____ PAGE ___ OF ___". On each page, the blank after "EXHIBIT" has the letter "A" written in it, the blank after "PAGE" is sequentially numbered from 1 to 67, and the blank after "OF" has the number 67 written in it.

[6] A subch. S item is any item of an S corporation to the extent regulations provide that the item is more appropriately determined at the corporate level than at the shareholder level. Sec. 6245; N.Y. Football Giants, Inc. v. Commissioner, supra at 155.

the provisions of section 1374 applied to KRP's sale of the gas stations and that the built-in gain on the sale was $388,877. Page 37 of the FSAA states that the "Taxpayer is also entitled to a loss for 1995 equivalent to the amount of built-in gains ($136,107) that it is liable for." The FSAA states that KRP (the taxpayer) is liable for the tax. Petitioner characterizes this language as an "aside comment". We disagree and conclude that respondent determined that "Pursuant to Code section 1366(f)(2), KRP, Inc. [was] entitled to a loss equivalent to the amount of built-in gains tax ($136,107) imposed with respect to its 1995 corporate income tax return Form 1120S" and that KRP was liable for built-in gains tax of $136,107.

C. Is the Built-In Gains Tax a Subchapter S Item?

Petitioner contends that the built-in gains tax is not a subchapter S item and the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 324, audit and litigation procedures do not apply to the built-in gains tax. Respondent contends that the built-in gains tax is a subchapter S item and the TEFRA audit and litigation procedures do apply.

1. N.Y. Football Giants, Inc. v. Commissioner

Before the issuance of N.Y. Football Giants, Inc. v. Commissioner, 117 T.C. 152 (2001), petitioner filed a reply to respondent's response to motion for partial summary judgment (reply) arguing that the decision in N.Y. Football Giants, Inc.

would be irrelevant because:  (1) In <u>N.Y. Football Giants, Inc.</u> the Commissioner mailed a timely statutory notice of deficiency to the taxpayer and determined the built-in gains tax in the statutory notice of deficiency, and (2) even if the built-in gains tax is a subchapter S item, the built-in gains tax would need to be asserted in the FSAA and no such adjustment appears in the FSAA in the case at bar.

In the case at bar, we held, <u>supra</u> pp. 5-6, that respondent did determine an adjustment for the built-in gains tax in the FSAA.  Petitioner's other argument in the reply essentially claims that the built-in gains tax is not a subchapter S item and that respondent must proceed via a statutory notice of deficiency as opposed to an FSAA.  In <u>N.Y. Football Giants, Inc. v. Commissioner</u>, <u>supra</u> at 153, 158 and n.6, we concluded that the built-in gains tax is a subchapter S item and that the Commissioner should have issued an FSAA to the taxpayer instead of a statutory notice of deficiency.

After our decision in <u>N.Y. Football Giants, Inc.</u>, petitioner submitted a supplemental reply to respondent's response to motion for partial summary judgment (supplemental reply).  In the supplemental reply, petitioner suggested that our decision in <u>N.Y. Football Giants, Inc.</u> is irrelevant to the case at bar as there are no legal similarities between the two cases.

Petitioner, in the supplemental reply, provides no analysis to support this conclusion.

Respondent contends that N.Y. Football Giants, Inc. is controlling authority and that petitioner raised the same legal issue in the case at bar as was in issue in N.Y. Football Giants, Inc.--whether the built-in gains tax is a subchapter S item and whether the TEFRA audit and litigation procedures apply. We agree.

Although the factual posture of this instant case is the converse of that in N.Y. Football Giants, Inc.,[7] that does not affect the legal conclusion that the built-in gains tax is a subchapter S item and that the TEFRA audit and litigation procedures apply.[8]

###    2.    Statute of Limitations

Petitioner contends that the assertion of a built-in gains tax by the IRS against KRP is time barred because the IRS did not issue a statutory notice of deficiency determining liability for the built-in gains tax to KRP on or before June 30, 2000, and no

---

[7] In the instant case, respondent issued an FSAA to petitioner and not a statutory notice of deficiency; in N.Y. Football Giants, Inc. v. Commissioner, supra at 154, the Commissioner issued a statutory notice of deficiency to the taxpayer and not an FSAA.

[8] Furthermore, we note that although the factual situations were the converse of each other, respondent took consistent positions in both--that the correct procedure was to issue an FSAA and not a statutory notice of deficiency. N.Y. Football Giants, Inc. v. Commissioner, supra at 154.

valid assessment of a built-in gains tax was made on or before June 30, 2000. This argument is an offshoot of petitioner's argument, which we rejected, that the built-in gains tax is not a subchapter S item.

Petitioner concedes that the Form 872-S consents extended the period of limitations for subchapter S items. As the built-in gains tax is a subchapter S item, it follows that the period of limitations for this issue was extended to June 30, 2000. See also secs. 6229(b), 6244; S. Rept. 97-640, at 25 (1982), 1982-2 C.B. 718, 729. Accordingly, as the FSAA was issued on April 24, 2000, the issue is not time barred.

### 3. Who Is a Party to This Proceeding?

Petitioner further argues that the Court is without jurisdiction to enter a decision against KRP in this proceeding because the TEFRA audit and litigation procedures and the FSAA are directed to the shareholders of the S corporation and not the corporation itself, and therefore the corporation is not party to the corporate level proceedings. Respondent argues that an S corporation is a party to the corporate level proceedings.

The correct tax treatment of subchapter S items is determined in a unified proceeding at the corporate level rather than in separate actions against each shareholder. Secs. 6241 and 6242; N.Y. Football Giants, Inc. v. Commissioner, supra at 155; Univ. Heights at Hamilton Corp. v. Commissioner, 97 T.C.

278, 280-281 (1991); see S. Rept. 97-640, at 25 (1982), 1982-2 C.B. 718, 729. The provisions of sections 6221 through 6233 which relate to assessing deficiencies with respect to partnership items and judicial determination of partnership items are (except to the extent modified or made inapplicable in the regulations) extended to and made applicable to subchapter S items. Sec. 6244.

With regard to petitions filed by a tax matters partner, if an action is brought with respect to a partnership for any partnership taxable year, each person who was a partner in the partnership at any time during the year shall be treated as a party to the action. Sec. 6226(c). For purposes of sections 6221 through 6233, the term "partner" means a partner in the partnership and any other person whose income tax liability under subtitle A is determined in whole or in part by taking into account directly or indirectly partnership items of the partnership. Sec. 6231(a)(2).

Accordingly, any person whose income tax liability under subtitle A is determined in whole or in part by taking into account directly or indirectly subchapter S items of the S corporation is a party to the corporate level proceeding. Sec. 6244. For purposes of the Code, the term "person" includes corporations. Sec. 7701(a)(1). The built-in gains tax is a tax imposed by subtitle A of the Code. See sec. 1374. It is also a

subchapter S item.  See <u>supra</u> pp. 6-8.  Thus, an S corporation's income tax liability under subtitle A is determined by taking into account the built-in gains tax of that corporation. Therefore, the S corporation is treated as a party to the proceeding.[9]  Secs. 6226(a), 6244.  We conclude that KRP is a party to this proceeding and that we have jurisdiction to enter a decision against KRP regarding the built-in gains tax.

To reflect the foregoing,

<u>An appropriate order will be issued denying petitioner's motion for partial summary judgment</u>.

---

[9]  If S corporations could not be parties to the corporate level proceedings, then S corporations would be prevented from contesting built-in gains tax adjustments contained in FSAAs. See <u>supra</u> pp. 6-8 (holding that the built-in gains tax is a subch. S item and that the appropriate way for the Commissioner to determine a built-in gains tax adjustment is via an FSAA). This would not make sense as the Court has jurisdiction to determine all subch. S items of the corporation for the taxable year to which the FSAA relates.  Secs. 6226(f), 6244.