T.C. Memo. 2003-28

UNITED STATES TAX COURT

NEW YORK FOOTBALL GIANTS, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 8563-00.                    Filed January 30, 2003.

<u>Michael A. Guariglia</u>, for petitioner.

<u>John M. Altman</u>, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  This matter is before the Court on
petitioner's motion to certify for interlocutory appeal pursuant
to section 7482(a)(2) and Rule 193 certain issues decided in our
Opinion in <u>N.Y. Football Giants, Inc. v. Commissioner</u>, 117 T.C.

---

     [*]  This Memorandum Opinion supplements <u>N.Y. Football Giants,
Inc. v. Commissioner</u>, 117 T.C. 152 (2001).

152 (2001), and our September 4, 2002, order denying petitioner's motion for reconsideration.

Section references are to the Internal Revenue Code as in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

In N.Y. Football Giants, Inc. v. Commissioner, supra at 158, we held that the built-in gains tax is a subchapter S item that must be determined in a TEFRA proceeding for an S corporation and that we lack jurisdiction as to petitioner's tax years 1996 and 1997. We granted respondent's motion to dismiss for lack of jurisdiction and to strike petitioner's tax years 1996 and 1997, and denied petitioner's cross-motion to dismiss for lack of jurisdiction as to petitioner's tax year 1997 as barred by the statute of limitations. By subsequent order denying petitioner's motion for reconsideration, we rejected petitioner's contention that the tax matters person (TMP) lacks standing to engage in litigation on behalf of an S corporation both as untimely and on the merits. We also rejected petitioner's contention that respondent is estopped from denying that the built-in gains tax is a subchapter S item because: (1) Equitable estoppel is an affirmative defense that must be pleaded, and petitioner did not plead estoppel; and (2) estoppel does not apply to

representations of law, and respondent's interpretations of the TEFRA statute were statements of law.

## Discussion

Petitioner asks us to certify for immediate appeal the following questions for tax years 1996 and 1997: (1) Whether the built-in gains tax is a subchapter S item with respect to an S corporation; (2) whether assessments against an S corporation may be determined in a TEFRA proceeding; (3) whether a TMP has standing to sue the Commissioner on behalf of an S corporation; (4) whether respondent is estopped to deny that the built-in gains tax is not a subchapter S item with respect to petitioner as an S corporation; and (5) whether petitioner raised issues (3) and (4) in a proper and timely manner.

Only exceptional circumstances justify a departure from the policy of postponing appellate review until after entry of final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978); Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990); Gen. Signal Corp. v. Commissioner, 104 T.C. 248, 251 (1995), affd. 142 F.3d 546 (2d Cir. 1998). Section 7482(a)(2) was not intended to provide early review of adverse rulings. Gen. Signal Corp. v. Commissioner, supra at 253-254. We certify an interlocutory order for an immediate appeal only if: (1) A controlling question of law is present; (2) substantial grounds for difference of opinion are present; and (3) an immediate

appeal from the order may materially advance the ultimate termination of the litigation.  Sec. 7482(a)(2)(A); Rule 193. Failure to meet any of the three requirements is grounds for denial of certification.  Gen. Signal Corp. v. Commissioner, supra at 251; Kovens v. Commissioner, 91 T.C. 74, 77 (1988), affd. without published opinion 933 F.2d 1021 (11th Cir. 1991). For reasons discussed next, we deny petitioner's motion.

A.    Whether Controlling Questions of Law Are Presented

A controlling question of law is "more than a question which if decided erroneously would lead to a reversal on appeal but entails a question of law which is serious to the conduct of the litigation."  Kovens v. Commissioner, supra at 79; see Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974).  We agree with petitioner that the built-in gains and TEFRA issues present controlling questions of law, but we disagree that the standing, estoppel, and timeliness issues present controlling questions of law.  Our denial of petitioner's standing and estoppel arguments because they were untimely and not properly pleaded was within our discretion.  Matters within the discretion of a trial court generally are not certifiable as controlling questions of law. Pollock & Riley, Inc. v. Pearl Brewing Co., 498 F.2d 1240, 1246 (5th Cir. 1974) (rulings relating to the sufficiency of pleadings, pretrial rulings as to the admissibility of evidence,

and rulings on discretionary matters are not ordinarily certifiable).

B.   Whether Interlocutory Appeal of These Issues Will Materially Advance the Ultimate Termination of This Case

Petitioner contends that the immediate resolution of the built-in gains jurisdictional and TEFRA issues relating to its 1996 and 1997 tax years may preclude a trial of the built-in gains tax issue in the wrong proceeding, avoid unnecessary TEFRA proceedings, and assure petitioner that it is proceeding in the proper action.  Petitioner does not contend that immediate appeal of those issues will materially advance termination of litigation in this case or reduce litigation costs.  We conclude that immediate appeal of the issues in this case will not materially advance the ultimate termination of this case.

Petitioner now has three cases docketed in the Tax Court: (1) N.Y. Football Giants, Inc. v. Commissioner, docket No. 8563-00, involving petitioner's 1998 tax year;[1] (2) N.Y. Football Giants, Inc., John K. Mara, Tax Matters Person v. Commissioner, docket No. 10391-01, involving the Final S Corporation Administrative Adjustment (FSAA) on which the TEFRA case is based, relating to petitioner's 1996 and 1997 tax years; and (3) N.Y. Football Giants, Inc. v. Commissioner, docket No. 15105-02,

---

[1]   We dismissed for lack of jurisdiction petitioner's 1996 and 1997 tax years in N.Y. Football Giants, Inc. v. Commissioner, supra.

involving petitioner's 1996 and 1997 tax years.[2]  The issues and facts relating to the merits of the built-in gains tax issue for tax years 1996 and 1997 are the same for tax year 1998.

It is typically preferable to try all issues raised in a case in one proceeding to avoid piecemeal and protracted litigation.  Markwardt v. Commissioner, 64 T.C. 989, 998 (1975); Haft Trust v. Commissioner, 62 T.C. 145, 147 (1974), affd. on this issue 510 F.2d 43, 45 n.1 (1st Cir. 1975).  We believe that, because the issues and facts for tax years 1996 and 1997 are the same for tax year 1998, and because all 3 years are currently docketed in this Court, consolidation of petitioner's three cases for trial on the built-in gains tax issue may make it easier to resolve these cases expeditiously and preserve all issues for appeal.  An interlocutory appeal of the built-in gains jurisdictional and TEFRA issues may delay the trial of the issues in this case, and would not expedite or advance it, because an immediate appeal will not dispose of the factually distinct built-in gains tax issue present in all 3 years (and all three docketed cases).  Gen. Signal Corp. v. Commissioner, supra at 253-254; see Estate of Egger v. Commissioner, 92 T.C. 1079, 1082

---

[2]  Petitioner filed an election in docket No. 10391-01 to convert its S corporation items for tax years 1996 and 1997 to non-S corporation items.  Respondent subsequently issued a notice of deficiency to petitioner for tax years 1996 and 1997.  The petition in docket No. 15105-02 is based on that notice of deficiency.

(1989) (certification will not materially advance the ultimate termination of the case if an issue will remain after interlocutory appeal).

We conclude that the instant case is not an exceptional circumstance which warrants interlocutory appeal.

To reflect the foregoing,

<u>An appropriate order will</u>

<u>be issued</u>.