125 T.C. No. 1


UNITED STATES TAX COURT


VAN DER AA INVESTMENTS, INC., A DISSOLVED DELAWARE CORPORATION,
TERRY L. VAN DER AA, TRUSTEE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21342-03.               Filed July 6, 2005.


        P has moved for partial summary judgment (the
motion).  R objects on the ground that P has failed to
establish that there is no genuine issue as to any
material facts.  In particular, R claims that many of
P's exhibits constitute hearsay and are so unreliable
that, without the opportunity for formal discovery and
cross-examination, the documents should not be before
the Court and the Court should not rely upon them in
ruling on the motion.  In support of the motion, P has
offered an expert valuation report, claiming that it
constitutes admissible hearsay as a business record
under Fed. R. Evid. 803(6).

1.  <u>Held</u>:  The report is inadmissible hearsay without
the availability of the preparing expert for cross-
examination.  See Fed. R. Evid. 705.

2.  Held:  The motion will be denied because P has failed to establish that there is no genuine issue as to any material facts.

Daniel A. Dumezich, Charles P. Hurley, and Gary S. Colton, Jr., for petitioner.

Marjory A. Gilbert and Catherine M. Thayer, for respondent.


OPINION


HALPERN, Judge:  This matter is before the Court on petitioner's motion for partial summary judgment (the motion). Respondent objects.

Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Rule 121 provides for summary judgment.  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(a) and (b).

Because we are persuaded that there is a genuine issue as to a material fact, we shall deny the motion. Our reasoning is as follows.

Background

The Notice

By notice of deficiency dated September 15, 2003 (the notice), respondent determined a deficiency in the Federal income tax of Van Der Aa Investments, Inc. (Investments),[1] for its 1999 taxable (calendar) year (1999) in the amount of $62,604,069, an addition to tax on account of delinquency under section 6651(a)(1) (the delinquency addition) in the amount of $12,520,814, and an accuracy-related penalty under section 6662 (the accuracy-related penalty) in the amount of $3,124,797. For 1999, Investments made a Federal income tax return as an S corporation.[2] On that return, among other things, Investments reported a built-in gain tax liability of $1,520,140. The deficiency in tax determined by respondent results from his adjustment increasing Investments's built-in gain tax liability from $1,520,140 to $64,124,209.

---

[1] Petitioner, Terry L. Van Der Aa, trustee, refers to the corporate entity Van Der Aa Investments, Inc., as "petitioner". We shall use the term "petitioner" to refer to Terry L. Van Der Aa, trustee, and the term "Investments" to refer to Van Der Aa Investments, Inc.

[2] See sec. 1361(a) for definitions of the terms "S corporation" and "C corporation".

The Motion

By the motion, petitioner seeks summary adjudication in its favor on three issues: (1) Whether Investments properly reported its built-in gain tax liability on its 1999 Federal income tax return; (2) the delinquency addition, and (3) the accuracy-related penalty.

Petitioner claims that the undisputed evidence in the case shows that Investments's calculation of the 1999 built-in gain tax liability was supported by prior returns, audited financial statements, and a 1995 calculation of net unrealized built-in gain utilizing a contemporaneous valuation of the assets subject to built-in gain tax, "which was performed by an independent, well-respected appraiser."

Petitioner argues:

> Because * * * [Investments] has properly calculated its built-in gain tax liability and because Respondent does not possess any evidence to the contrary, Petitioner is entitled to judgment as a matter of law on the issue of Petitioner's proper built-in gain tax liability and on the accuracy-related penalty and "delinquency penalty" imposed by Respondent in regard to the built-in gain tax liability.

Petitioner supports his argument with a "Statement of Undisputed Material Facts" containing 26 numbered statements of facts that petitioner claims are undisputed and established by the petition, answer, and various documents and affidavits. Accompanying the motion are Exhibits A through O.

Respondent's Objections

Respondent has filed his notice of objection to the motion (the notice).[3] Respondent claims that the motion is premature, insufficient as a matter of law, and fails to establish that there is no genuine issue as to any material fact. In particular, respondent claims that many of petitioner's exhibits constitute hearsay and are so unreliable that, without the opportunity for formal discovery and cross-examination, the documents should not be before the Court and the Court should not rely upon them in ruling on the motion. Respondent claims that there are genuine issues of material fact that must be resolved with respect to each of the three issues for which petitioner seeks summary adjudication.

## Discussion

### I. Built-In Gain Tax

Section 1374(a) imposes a corporate-level tax on the net recognized built-in gain of an S corporation that has converted from C corporation to S corporation status. The tax applies only during the 10-year period beginning with the first taxable year for which the corporation is an S corporation. See sec. 1374(d)(7). Built-in gain is measured by the appreciation in value of any asset over its adjusted basis as of the time the

---

[3] Petitioner has replied to the notice (the reply), and respondent has responded to the reply (the response).

corporation converts from C to S status.  N.Y. Football Giants, Inc. v. Commissioner, 117 T.C. 152, 155 (2001); see sec. 1374(d)(3).

II.  The Valuation Report

Critical to petitioner's claim that there are no genuine issues of material fact with respect to his liability for the built-in gain tax is petitioner's claim that Investments's calculation of its 1999 built-in gain tax liability was supported by, among other things, a 1995 calculation of net unrealized built-in gain utilizing a contemporaneous valuation of the assets subject to built-in gain tax.  The report containing that valuation (the valuation report or, simply, the report) is attached to the motion as Exhibit A and supported by paragraphs 9 and 10 of an affidavit by James K. Murphy (the affidavit), attached to the motion as Exhibit G.  In the affidavit, Mr. Murphy describes himself as either vice president of finance or chief financial officer of the entity requesting the valuation report.  Paragraphs 9 and 10 of the affidavit read as follows:

> 9.  At the time of its S corporation election, Vancom Holdings, Inc. took careful steps to calculate its * * * [net unrealized built-in gain] in compliance with its obligations under the Code.  Vancom Holdings, Inc. engaged Arthur Andersen's valuation group to determine the fair market value of the business enterprise of Vancom Holdings, Inc. and to conclude an estimate of the fair market value of the assets of Vancom Holdings, Inc. as of the effective date of the S corporation election.

10. Exhibit A is a true and accurate copy of the valuation report that Arthur Anderson prepared for Vancom Holdings, Inc.

## III. Admissibility

### A. Introduction

With respect to affidavits supporting a motion for summary judgment, Rule 121(d) provides, among other things, that the affidavits "shall set forth such facts as would be admissible in evidence".

Respondent claims that petitioner cannot rely on the valuation report to support the motion because it constitutes hearsay that would be inadmissible under the Federal Rules of Evidence.

### B. Hearsay

#### 1. Introduction

If the valuation report is offered for the truth of the matters asserted therein, the report constitutes hearsay. Fed. R. Evid. 801(c). In general, hearsay is not admissible. See Fed. R. Evid. 802. Petitioner does not argue that, if offered in evidence, the report would not be hearsay. To the contrary, petitioner argues that, if offered in evidence, the report would constitute a business record of Vancom Holdings, Inc., which is admissible hearsay. See Fed. R. Evid. 802 and 803(6).

## 2. Business Record

In order to constitute a business record admissible under Fed. R. Evid. 803(6), the record (report) must be "kept in the course of a regularly conducted business activity," and it must be "the regular practice of that business activity" to make that report.  Fed. R. Evid. 803(6).  Respondent argues that the affidavit is inadequate to show that the valuation report was kept in the regular course of a business activity of Vancom Holdings, Inc.'s, or that it was the regular practice of the business to make that kind of report.  We need not decide whether the affidavit is adequate to that purpose or not, since, even if we were to decide that it is, we would exclude the report from evidence unless, along with the report, petitioner offered the author of the report for cross-examination.

## 3. Expert Testimony

By its own terms, the valuation report expresses an opinion as to the fair market value of Vancom, Inc. (not Vancom Holdings, Inc.) on December 31, 1994.  Also by its own terms, it reflects the author's "professional judgment" and is prepared "in conformance with the 'Uniform Standards of Professional Appraisal Practice'".  Clearly, the author has relied on specialized knowledge in reaching the valuation conclusions expressed in the report.  For that reason, if the report were offered as evidence of the fair market value of Vancom, Inc., it would not be

admissible unless the author were testifying as an expert. See Fed. R. Evid. 701 (opinion testimony of witness not testifying as an expert is limited and may not be based on scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702). A witness qualified as an expert by knowledge, skill, experience, training, or education may give opinion testimony with respect to scientific, technical, or other specialized knowledge within his purview. Fed. R. Evid. 702. Under our Rules, an expert generally prepares a written report, which must set forth the qualifications of the expert and shall state the expert's opinion and the facts or data on which that opinion is based. Rule 143(f). If the expert is accepted as such by the Court, his report is received into evidence as the expert's direct testimony. Id. Rule 705 of the Federal Rules of Evidence addresses the disclosure of facts or data underlying expert opinion. In pertinent part, the rule provides: "The expert may in any event be required to disclose the underlying facts or data on cross-examination." Like the Court of Claims in Forward Communications Corp. v. United States, 221 Ct. Cl. 582, 608 F.2d 485, 510 (1979), we do not view the business record rule found in Fed. R. Evid. 803(6) as overriding the rules governing opinion testimony. If Fed. R. Evid. 803(6) were deemed to override the rules governing opinion testimony, it would allow the introduction of opinion testimony by lay witnesses in the

form of a report as to scientific, technical, or other specialized matters and would allow an expert to express his opinion in a report without being subject to cross-examination on the facts and data underlying that opinion.  All that would be required for admission would be the mere showing that the preparer was in the business of giving such opinions.  If the valuation report were offered into evidence by petitioner as evidence of fair market value of Vancom Inc., we would not accept the report without the accompanying availability of the author for cross-examination.[4]  E.g., Pack v. Commissioner, T.C. Memo. 1980-65.

    C.  Conclusion

    Clearly, petitioner's principal reliance on the valuation report is not for the fact that Vancom, Inc., received it from Arthur Andersen but for the opinion it expresses as to value.  To rely on the valuation report for that purpose, petitioner must introduce it into evidence; i.e., at trial or at some hearing at which evidence is received.  Since we cannot accept the valuation report as establishing the values it purports to determine, there remains a genuine issue with respect to a material fact that precludes rendering a decision as a matter of law as to whether

---

    [4]  The character of the valuation report as opinion testimony distinguishes this situation from those in which we have allowed in business records without a live witness to authenticate them.  E.g., Stang v. Commissioner, T.C. Memo. 2005-154.

Investments properly reported its built-in gain tax liability on its 1999 Federal income tax return.  Likewise, there are genuine issues as to material facts that preclude us from rendering a decision as to the delinquency addition and the accuracy-related penalty.

IV.  <u>Conclusion</u>

As stated, we shall deny the motion.

<u>An order denying the</u>

<u>motion will be issued</u>.